1   LAW OFFICES OF DEBORAH L. RAYMOND
    Deborah L. Raymond, SBN 173528
2   445 Marine View Avenue, Suite 305
    Del Mar, CA 92014
3   (858) 481-9559

4   Attorney For Plaintiffs, AARON WALKER and YOLONDA WALKER

**FILED**

2008 AUG -4  PM 3: 32

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

5

6

7

8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  AARON   WALKER,   an   individual;     Case No.
    YOLONDA WALKER, an individual,
12                                          **'08 CV 1411 H NLS**

13          Plaintiffs,                     COMPLAINT FOR INJUNCTIVE RELIEF,
                                            RECOUPMENT/SETOFF, DAMAGES,
    vs.                                     ACCOUNTING, AND TO QUIET TITLE
14                                          RELATING TO VIOLATIONS OF THE
    SPECIALIZED LOAN SERVICING, LLC, a      TRUTH IN LENDING ACT, THE REAL
15  Delaware  Limited  Liability  Company;  ESTATE SETTLEMENT PROCEDURES
    DEUTSCHE BANK NATIONAL TRUST            ACT; THE CALIFORNIA ROSENTHAL
16  COMPANY, as TRUSTEE ON BEHALF OF        ACT, FRAUD, DECLARATORY RELIEF,
    THE   HOLDERS   OF   THE   TERWIN       AND **DEMAND FOR JURY TRIAL**
17  MORTGAGE TRUST 2006-9HGA, ASSET-
    BACKED CERTIFICATES, TMTS SERIES        [15 U.S.C. §§1601 et seq.; 12 U.S.C. §§2605 et
18  2006-9HGA, an entity of unknown form;   seq.; Cal. Civ. Code §§1788 et seq ]
    AXIS MORTGAGE & INVESTMENT, an
19  entity of unknown form; AXIS MORTGAGE
    & INVESTMENTS, LLC, a Arizona Limited
20  Liability Company; BILTMORE BANK OF
    ARIZONA, a banking institution; CHASE
21  HOME FINANCE LLC, a Delaware Limited
    Liability Company; REGIONAL TRUSTEE
22  SERVICES CORPORATION, a Washington
    Corporation; and DOES 1-10, inclusive,
23

24          Defendant(s).

25

26



COMES NOW the Plaintiffs, AARON WALKER and YOLONDA WALKER (hereinafter "Plaintiffs") who allege:

## INTRODUCTION

1. This Complaint is filed defensively and affirmatively under the Truth In Lending Act ("TILA"), 15 U.S.C. §§1601, et seq. to enforce Plaintiffs' rights under the TILA, including without limitation, the right to rescind a consumer credit transaction, to void Defendants DEUTSCHE BANK NATIONAL TRUST COMPANY, as TRUSTEE ON BEHALF OF THE HOLDERS OF THE TERWIN MORTGAGE TRUST 2006-9HGA, ASSET-BACKED CERTIFICATES, TMTS SERIES 2006-9HGA ("Deutsche"), AXIS MORTGAGE & INVESTMENTS, LLC ("Axis LLC"), AXIS MORTGAGE & INVESTMENT ("Axis Div.") and BILTMORE BANK OF ARIZONA ("Biltmore")s' security interest in Plaintiffs' residence, to recover actual and statutory damages, reasonable attorney's fees and costs by reason of certain Defendants' violations of TILA and Regulation Z, 12 C.F.R. §226 (Reg. Z"). In addition, Plaintiffs seek actual and statutory damages, reasonable attorney's fees and costs by reason of Defendants SPECIALIZED LOAN SERVICING, LLC's ("SLS") violations of the California Rosenthal Act, Cal. Civ. Code sections 1788 et seq. Furthermore, Plaintiffs seek actual and statutory damages, reasonable attorney's fees and costs by reason of Defendant CHASE HOME FINANCE LLC's ("Chase") violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§2605 et seq. Finally, Plaintiffs also seek remedies for fraud, and declaratory relief.

## JURISDICTION

2. Jurisdiction is conferred on this court by 15 U.S.C. 1640(e), 28 U.S.C §§ 1331, 1337 and by the doctrine of pendent jurisdiction. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201.

## COMMON ALLEGATIONS

3.  At all times mentioned in this Complaint, Plaintiff Aaron Walker was and is an individual consumer residing in the County of San Diego, and was and is an owner of that certain real property located in the County of San Diego and generally described as 7869 Bloomfield Road, San Diego, California 92114 ("Plaintiffs' Residence" or "the Real Property").

4.  At all times mentioned in this Complaint, Plaintiff Yolonda Walker was and is an individual consumer residing in the County of San Diego.  Furthermore, at all material times mentioned in this Complaint, Plaintiff Yolonda Walker was and is an owner of the Real Property.

5.  Plaintiffs are informed and believe and thereon allege that at all times mentioned in this Complaint, defendant SLS was and is a Delaware Limited Liability Company doing business in the state of California and was and is in the business of being a "servicer" of federally related mortgage loans as those terms are defined in RESPA, 12 U.S.C. §2602(1) and 12 U.S.C. §2605(i)(2). Plaintiffs are further informed and believe and thereon allege that defendant SLS was and is in the business of the collection of consumer debts, either on behalf of itself or others, thereby bringing it under the authority of the California Rosenthal Act, Cal. Civil Code sections 1788 et seq.

6.  Plaintiffs are informed and believe and thereon allege that at all times mentioned in this Complaint, defendant CHASE was and is a Delaware Limited Liability Company doing business in the state of California and was and is in the business of being a "servicer" of federally related mortgage loans as those terms are defined in RESPA, 12 U.S.C. §2602(1) and 12 U.S.C. §2605(i)(2).

7.  Plaintiffs are informed and believe and thereon allege that at all times mentioned in this Complaint, defendant DEUTSCHE was and is an entity of unknown form doing business in the state of California and in the business of purchasing and otherwise taking assignment of consumer

1   credit transactions described in TILA, originated by others.

2       8. Plaintiffs are informed and believe and thereon allege that at all times mentioned

3   in this Complaint, defendant AXIS LLC was and is doing business in the state of California and in the

4   business of originating consumer credit transactions described in TILA, and/or the purchasing and

5   otherwise taking assignment of consumer credit transactions described in TILA, originated by others.

6       9. Plaintiffs are informed and believe and thereon allege that at all times mentioned

7   in this Complaint, defendant AXIS DIV was and is doing business in the state of California and in the

8   business of originating consumer credit transactions described in TILA, and/or the purchasing and

9   otherwise taking assignment of consumer credit transactions described in TILA, originated by others.

10      10. Plaintiffs are informed and believe and thereon allege that at all times mentioned

11  in this complaint defendant BILTMORE was and is a banking institution chartered by the United

12  States of America, or the State of Arizona, or by some other state unknown to Plaintiffs.

13      11. Plaintiffs are informed and believe and thereon allege that at all times mentioned

14  in this Complaint, AXIS LLC was and is an Arizona limited liability company managed, operated

15  owned and controlled by and for defendant BILTMORE or its divisions, affiliates, subsidiaries,

16  partners or joint venture partners, and that all of the business operations of AXIS LLC are and were

17  merged with those of BILTMORE, utilizing common management personnel, facilities, policies and

18  accounting procedures designed and approved by BILTMORE, any distinction between AXIS LLC

19  and BILTMORE is illusory. The maintenance of the fiction of the separate existence, if any be

20  claimed, of BILTMORE on the one hand and AXIS LLC on the other would promote injustice and

21  sanction violations of the Truth in Lending Act (15 U.S.C. §§1601 et seq.) by BILTMORE in the guise

22  of AXIS LLC.

23      12. Plaintiffs are informed and believe and thereon allege that at all times mentioned

24

25

26

1   in this Complaint, AXIS DIV was and is a department, division, subsidiary, partner, joint venture

2   partner or affiliate of BILTMORE, and that all of the business operations of AXIS DIV are and were

3   merged with those of BILTMORE, utilizing common management, personnel, facilities, policies and

4   accounting procedures designed and approved by BILTMORE, and that AXIS DIV is and was the alter

5   ego of BILTMORE. Any distinction between AXIS DIV and BILTMORE is illusory. The

6   maintenance of the fiction of the separate existence, if any be claimed, of BILTMORE on the one hand

7   and AXIS DIV on the other would promote injustice and sanction violations of the Truth in Lending

8   Act (15 U.S.C. §§1601 et seq.) by BILTMORE in the guise of AXIS DIV. Defendants AXIS LLC,

9

10   BILTMORE, and AXIS DIV shall hereinafter be collectively referred to as the "Axis Defendants".

11          13.  Plaintiffs are informed and believe and thereon allege that at all times mentioned

12   in this Complaint, defendant REGIONAL TRUSTEE SERVICES CORPORATION ("Regional")was

13   and is a Washington state corporation doing business in the state of California and was and is in the

14   business of being a "trustee" for the purpose of handling the foreclosure sale process pursuant to a

15   security interest taken in real property.

16

17          14.  The true names and capacities, whether corporate, individual or other, of the

18   defendants sued as Does 1 through 10 are presently unknown to Plaintiffs who therefore sue said

19   defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to reflect the

20   true names and capacities of said defendants when the same have been ascertained. Plaintiffs are

21   informed and believe and thereon allege that each of said fictitiously named defendants is responsible

22   in some manner for the acts complained of herein.

23          15.  Plaintiffs are informed and believe and thereon allege that at all times mentioned

24   in this Complaint, each of the defendants was an officer, director, agent, employee, assignor, assignee

25   or associate of each of their co-defendants, and was at all times acting within the scope of such

26

1    capacity with the full knowledge and consent of each said co-defendant.

2    ### IV. COMMON FACTUAL ALLEGATIONS

3    16. Plaintiffs re-allege and incorporate the allegations in Paragraphs 1 through 15

4    above with the same force and effect as if herein set forth.

5    17. In 2005, Plaintiffs purchased Plaintiffs' residence. Shortly before July 2006,

6    Plaintiffs sought to refinance their home and began working with Lordsman, Inc. to obtain a refinance

7    loan(s) of Plaintiffs' residence.

8    18. On or about July 12, 2006, a notary public arrived at Plaintiffs' residence with loan

9    documents that needed to be signed and notarized. Plaintiffs sat down with the notary public and as

10   the notary public flipped through the pages of the loan transaction documents, Plaintiffs signed where

11   they were told to sign and the notary public notarized documents that required notarization. The

12   documents signed by Plaintiffs consummated a consumer credit transaction ("Transaction") to

13   refinance Plaintiffs' Residence through a promissory note between Plaintiff Aaron Walker and

14   Defendant Axis Div, in the amount of Four Hundred Twelve Thousand Dollars ($412,000.00), secured

15   by a first deed of trust on Plaintiffs' Residence (the "Loan"). The purpose of the Transaction was

16   primarily personal, family and household in that it paid off the existing mortgages held by EMC

17   Mortgage and a family vehicle loan. The Transaction was subject to a finance charge and was payable

18   by written agreement in more than four installments. At the time of consummation of the Transaction,

19   Plaintiffs owned the Real Property and were both on title.

20   19. On July 12, 2006, Plaintiffs, in the course of the Transaction, signed numerous

21   Transaction documents, which were dated July 11, 2006.

22   20. On July 12, 2006, immediately after Plaintiffs signed the Transaction documents,

23   the signed Transaction documents were taken by the notary public and Plaintiffs were given another

24   packet of documents and were told that the packet of documents were copies of the Transaction

documents Plaintiffs had just signed. Plaintiffs did not receive certain required Transaction documents, including but not limited to two copies each of the notice of right to cancel. Instead, Plaintiffs together received a total of two copies of a Notice of Right To Cancel for Aaron Walker and no copies of a Notice of Right To Cancel for Yolonda Walker.

21. Through the Transaction documents Axis Div represented to Plaintiffs that their monthly payment for the Loan, which included principal, interest, taxes and insurance would be $2,810.86 (the "false amount"). Said representation defendant Axis Div was false. Defendant Axis Div knew said representation was false and made said representations to deceive Plaintiffs and entice Plaintiffs to consummate the Transaction for Axis Div's financial gain. Plaintiffs relied on Axis Div's false representations and but for said representations would not have consummated the Transaction.

22. Plaintiffs are informed and believe and thereon allege that at some time after July 12, 2006, defendant Deutsche became and is currently the owner/holder of the note. In addition, after July 12, 2006, but before May 29, 2007, defendant Chase began servicing the Loan.

23. On or about May 29, 2007, nearly 10 months after consummating the Transaction, Plaintiffs were informed and discovered for the first time that the true monthly payment for the Loan, which included interest only, taxes and insurance was $3,183.66. Since Plaintiffs had paid the false amount for nearly 10 months, Plaintiff were told that they had to pay a new monthly payment of $3,331.57 for the Loan, which included interest only, taxes and insurance effective 07/01/07. Plaintiffs were unable to afford the increased new monthly payment and became behind on their payments for the Loan.

24. In February 2008, Plaintiffs were informed that the servicing for the Loan had been transferred from defendant Chase to defendant SLS.

25. On March 5, 2008, Plaintiffs, though their counsel, sent via First Class Certified U.S. mail, a Qualified Written Request ("QWR") to defendants Chase and SLS. A copy of the QWRs

1    sent to Chase and SLS on March 5, 2008, along with USPS website delivery confirmation are herein

2    attached and incorporated by reference as Exhibits "A-1" and "A-2" respectively.  The U.S. Postal

3    Service website shows that defendant Chase received Exhibit "A-1" on March 6, 2008 and Defendant

4    SLS received Exhibit "A-2" on March 11, 2008.

5            26.  Despite having knowledge that the Loan was disputed and being instructed to

6    direct all communicate to Plaintiffs' attorney only, on or about March 12, 2008 and again on or about

7    March 13, 2008, defendant SLS communicated directly with Plaintiff Aaron Walker by sending him

8    two NOTICE OF INTENT TO FORECLOSE letters.  A copy of the letters dated March 12, 2008 and

9    March 13, 2008 sent to Plaintiff Aaron Walker are herein attached and incorporated by reference as

10   Exhibits "B-1" and "B-2" respectively.

11           27.  On or about March 19, 2008, after acknowledging that receipt of Plaintiffs'

12   authorization to discuss the Loan with Plaintiffs' counsel, Chase responded to Exhibit "A-1" by

13   requiring Plaintiffs to pay for information requested by Plaintiffs in the QWR.  A copy of Chase's

14   letter dated March 19, 2008 is herein attached and incorporated by reference as Exhibit "C".  More

15   than 60 business days have elapsed since defendant Chase received the QWR and Chase has failed

16   and/or refused to provide Plaintiffs with a written explanation or clarification.

17           28.  On April 17, 2008, a foreclosure proceeding was begun against Plaintiffs'

18   Residence by the recording of a Notice of Default in the office of the County Recorder.

19           29.  On May 29, 2008, June 27, 2008 and July 31, 2008, pursuant to 15 U.S.C. §1635,

20   Plaintiffs rescinded the Transaction by sending the notice (Rescission Notice) required by Regulation

21   Z, defendants SLS, Deutsche and Axis Div respectfully.  A copy of the Rescission Notices are herein

22   attached and incorporated by reference as Exhibits "D-1", "D-2" and "D-3".  Defendant SLS received

23   the Rescission Notice on June 2, 2008.  Defendant Deutsche received the Rescission Notice on July

24   9, 2008.

30. More than twenty (20) days have elapsed since the Rescission Notice was received by defendants SLS and Deutsche, and defendants SLS and Deutsche have failed and refused, and continue to fail and refuse, to perform any of the acts required by 15 U.S.C. §1635(b), and have instead, continued foreclosure proceedings, including **scheduling a foreclosure sale for August 8, 2008.** A copy of the Notice of Trustee's Sale is herein attached and incorporated by reference as Exhibit "E".

31. Despite receipt of the Rescission Notice and QWR, defendant SLS continued its collection efforts of a disputed debt, scheduled a foreclosure sale, demanded payment of false amounts, threatened action prohibited by law, and communicated directly with Plaintiffs despite knowing that Plaintiffs were represented by counsel.

32. Defendants' actions have caused Plaintiffs severe emotional distress, including but no limited to loss of appetite, frustration, fear, anger, helplessness, nervousness, sleeplessness, worry, sadness, and depression.

### FIRST CAUSE OF ACTION
### (TILA )

33. For a First Cause of Action against Defendants Deutsche, Axis Defendants only, Plaintiffs restate the allegations contained in Paragraphs 1 through 32.

### COUNT ONE – Rescission

34. The Transaction was subject to Plaintiffs' right of rescission as described by 15 U.S.C. § 1635 and Reg Z § 226.23 (12 C.F.R. §226.23).

35. In the course of the Transaction, 15 U.S.C. § 1635(a) and Reg Z § 226.23(b) were violated when Plaintiffs did not each receive two copies of a notice of right to cancel.

36. In the course of the Transaction Axis Defendants violated 15 U.S.C. § 1635(a) and Reg Z § 226.23(b) by failing to deliver to Plaintiffs all "material" disclosures required by TILA and

Reg Z.

37. Plaintiffs had a continuing right to rescind the Transaction, pursuant to 15 U.S.C. § 1635(a) and Reg Z § 226.23(a)(3), for up to three years after consummation of the Transaction.

38. Plaintiffs rescinded the transaction by sending a Rescission Notice to SLS, Deutsche, and Axis Div by First Class Certified U.S. Mail, postage fully prepaid.

39. More than twenty (20) calendar days have elapsed since defendants SLS and Deutsche received the Rescission Notice.

40. Defendants Deutsche and Axis Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the Transaction, including the termination of the deed of trust recorded against Plaintiffs' Residence, as required by 15 U.S.C. §1635(b) and Reg Z § 226.23(d)(2).

41. By way of Plaintiffs' rescission of the Transaction, Plaintiffs are entitled to:

a. Enforcement of the Rescission of the Transaction;

b. Termination of any security interest in Plaintiffs' Residence created under the Transaction;

c. Return of any money or property given by Plaintiffs to anyone, including defendants, in connection with the Transaction;

d. Expungement of any foreclosure instrument, including but not limited to any Notice of Default or Notice of Trustee's Sale, relating to the Transaction from any public record;

e. Removal of any derogatory information reported to any credit reporting agency or credit reporting bureau relating to the Transaction; and

f. Costs and Reasonable attorney's fee.

**COUNT TWO - Recoupment**

42. Violations of TILA described in paragraphs 34 and 41 above and herein restated,

1    subject defendants Deutsche and Axis Defendants to the remedies set forth in 15 U.S.C. § 1640.

2          43.  Plaintiffs having filed this action in defense of defendant Deutsche's foreclosure

3    proceeding, Plaintiffs are entitled to seek recoupment or set-off of any damages, actual and statutory,

4    based on violations that occurred at the consummation of the Transaction, pursuant to 15 U.S.C. §

5    1640(e).

6          44.  By way of recoupment, Plaintiffs are entitled to a setoff in an amount equal to

7    actual and statutory damages to be proven at trial for violations of TILA that occurred at the

8    consummation of the Transaction. Plaintiffs are also entitled to costs and reasonable attorney's fees.

9

10                          **COUNT THREE - Damages**

11          45.  Pursuant to 12 CFR 226.23, Plaintiffs rescinded the Transaction by sending the

12   Rescission Notice.

13          46. Defendants Deutsche and Axis Defendants failed to comply with the provisions of

14   12 CFR 226.23.

15          47.  As a result of the failure of defendants Deutsche and Axis Defendants to comply

16   with the provisions of the TILA and Reg Z, Plaintiffs are entitled to a complete release from any

17   obligation to defendant Deutsche and Axis Defendants and to expungement of the Deed of Trust

18   recorded against Plaintiffs' Residence.

19          48.  As a further result of defendants Deutsche and Axis Defendants' actions, Plaintiffs

20   have suffered severe emotional distress, including but not limited to loss of appetite, frustration, fear,

21   anger, helplessness, nervousness, sleeplessness, worry, sadness, and depression.

22          49.  As a result of the failure of defendant Deutsche to comply with the disclosure

23   requirements and the rescission provisions of the TILA and Reg Z, Plaintiffs are entitled to statutory

24   damages up to $2,000.00, actual damages in an amount to be determined at trial; and costs and

25   Reasonable attorney's fee.

26

## SECOND CAUSE OF ACTION
### (California Rosenthal Act)

50. For a Second Cause of Action against Defendant SLS only, Plaintiffs restate the allegations of Paragraphs 1 through 49.

51. Defendant SLS's actions constitute a violation of the California Rosenthal Act in that they threatened to take actions not permitted by law, including but not limited to attempting to foreclose upon a void security interest, falsely stating the amount of a debt, increasing the amount of a debt by including amounts that are not permitted by law or contract, using unfair and unconscionable means in an attempt to collect a debt, and communicating with a debtor known to be represented by counsel.

52. Defendant SLS's actions have caused Plaintiffs actual damages, including but not limited to severe emotional distress, including but not limited to loss of appetite, frustration, fear, anger, helplessness, nervousness, sleeplessness, worry, sadness, and depression.

53. As a direct result of said violations, Plaintiffs are entitled to statutory damages in an amount to be determined at trial, actual damages according to proof, and costs and reasonable attorneys' fees.

## THIRD CAUSE OF ACTION
### (Quiet Title)

54. For a Third Cause of Action against Defendant Deutsche only, Plaintiffs restate the allegations of Paragraphs 1 through 49.

55. Defendant Deutsche claims an interest adverse to Plaintiffs' Residence in the form of the trust deed recorded pursuant to the Transaction, and Plaintiffs are seeking to quiet title against the claims of Defendant Deutsche under such trust deed.

56. Plaintiffs seek to quiet title as of July 12, 2006, the date of consummation of the Transaction.

## FOURTH CAUSE OF ACTION
### (Accounting)

57. For a Fourth Cause of Action against the Defendants SLS, Chase, Deutsche, and Axis Defendants only, Plaintiffs restate the allegations contained in Paragraphs 1 through 49.

58. Pursuant 15 U.S.C. §1635(b) and 12 U.S.C. §2605, Plaintiffs are entitled to an accounting for and return of certain amounts paid by Plaintiffs since the inception of the Transaction, and of the amount, if any, to be tendered by Plaintiffs as a result of Plaintiffs' rescission of the Transaction.

59. Despite Plaintiffs' sending of the Rescission Notice containing a Qualified Written Request, Defendants SLS, Chase, Deutsche and Axis Defendants have failed and refused and continue to fail and refuse to provide a full accounting or to return or offer to return said amounts, or any portion of them.

## FIFTH CAUSE OF ACTION
### (Fraud)

60. For a Fifth Cause of Action against defendant Axis Defendants only, Plaintiffs restate the allegations of Paragraphs 1 through 33.

61. Defendant Axis Div made several representations to Plaintiffs regarding important facts. These representations included, without limitation:

· If Plaintiffs refinanced, Plaintiffs' monthly payment for the Loan, which included principal, interest, taxes and insurance, would be $2,810.86.

· Plaintiffs' monthly payment for the Loan, which included principal, interest, taxes and insurance is $2,810.86.

62. These representations by defendant Axis Div were false.

63. Defendant Axis Div knew that these representations were false when the representations were made, or these representations were made with reckless disregard for the

1    truth.

2       64. Defendant Axis Div intended that Plaintiffs rely on these representations.

3       65. Plaintiffs reasonably relied upon defendant Axis Div's representations.

4       66. As a result of such reliance, Plaintiffs were harmed.

5       67. Plaintiffs' reliance upon defendant Axis Div's representations were a

6    substantial factor in causing Plaintiffs' harm.

7

8       68. Defendant Axis Div is guilty of malice, fraud or oppression as defined in Civil

9    Code §3294, and defendant Axis Div's actions were malicious and done willfully in conscious

10   disregard of the rights and safety of plaintiffs in that they were calculated to injure Plaintiffs.  As

11   such, Plaintiffs are entitled to recover, in addition to actual damages, punitive damages to make an

12   example of and to punish defendant Axis Div.

13                    **SIXTH CAUSE OF ACTION**
                            **(RESPA)**
14

15       69. For a Sixth Cause of Action against defendant Chase only, Plaintiffs restate the

16   allegations of Paragraphs 1 through 33, and 58 and 59.

17       70. Defendant Chase violated RESPA, 12 U.S.C. §2605(e)(2), by failing and

18   refusing to provide a written explanation or clarification in response to Plaintiffs' QWR not later

19   than 60 days after receipt of the request.

20       71. Defendant Chase has engaged in a pattern or practice of non-compliance with

21   the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. §2605.

22       72. As a result of defendant Chase's failure to comply with RESPA, Plaintiffs are

23   entitled to statutory damages of $1,000.00, actual damages in an amount to be determined at trial,

24   and costs and reasonable attorney's fee.

25

26                  **SEVENTH CAUSE OF ACTION**
                         **(Declaratory Relief)**

73. For a Seventh Cause of Action against defendants Deutsche, SLS, and Regional only, Plaintiffs restate the allegations of Paragraphs 1 through 49, and 55 through 59.

74. On July 12, 2006 , Plaintiffs consummated a consumer credit transaction governed by TILA to refinance Plaintiffs' Residence, which created a secured interest in Plaintiffs' Residence. In the course of the Transaction, Plaintiffs did not receive material disclosures required by TILA, which extended Plaintiffs' right to cancel to three years from the date of consummation of the Transaction.

75. Within three years of the consummation, Plaintiffs rescinded the Transaction by sending Rescission Notices to defendants Deutsche, SLS, and Axis Div.

76. Pursuant to 15 U.S.C. §1635, upon Plaintiffs' exercise of their right of rescission of the Transaction, the security interest in Plaintiffs' Residence was void.

77 Despite defendants' Deutsche and SLS's receipt of Plaintiffs' Rescission Notice, a trustee's sale of Plaintiffs' residence is scheduled for August 8, 2008.

78. An actual controversy has arisen and now exists between Plaintiffs and defendants Deutsche, SLS and Regional concerning their respective rights and duties. Plaintiffs contends that they have rescinded the Transaction and the security interest against Plaintiffs' Residence is void. As such, Plaintiffs further contend that defendants have no right to foreclose and/or sell Plaintiffs' Residence at a trustee's sale. Plaintiffs seeks a temporary restraining order, and then a preliminary injunction preventing defendants from foreclosing or selling Plaintiffs' Residence at a trustee's sale.

79. Plaintiffs are informed and believe and thereon allege that for their part defendants Deutsche, SLS and Regional contend that Plaintiffs have not exercised their right of rescission or that no right of rescission exists and that they are entitled to foreclose and sell Plaintiffs' Residence at a trustee's sale.

80. Plaintiffs desire a judicial determination of the respective rights and duties of Plaintiffs and defendants Deutsche, SLS, and Regional and a declaration that the Transaction was rescinded, the security interest held by defendant Deutsche is void, and no foreclosure of Plaintiffs' Residence can take place.

81. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiffs may ascertain their rights and duties under the rescission of the Transaction. A trustee's sale of Plaintiffs' Residence is scheduled for August 8, 2008, and if defendants are permitted to proceed with the trustee's sale of Plaintiffs' Residence, Plaintiffs will suffer immediate, serious, and irreparable injury.

WHEREFORE, it is respectfully prayed that this Court:

ON THE FIRST CAUSE OF ACTION:

1. Assume jurisdiction of this case;

2. Declare the security interest in Plaintiffs' Residence is void;

3. Rescind the Transaction;

4. Order Defendant to take all action necessary to terminate any security interest in Plaintiffs' Residence created under the Transaction, and that the Court declare all such security interests void, including but not limited to the deed of trust related to the Transaction;

5. Order the return to Plaintiffs of any money or property given by Plaintiffs to anyone in connection with the Transaction;

6. Enjoin Defendant during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiffs' Residence, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of that property;

7. Order the expungement of any foreclosure instrument, including any Notice of

Default and Notice of Trustee's Sale relating to the Transaction from any public record;

8. Order the removal of any derogatory information relating to the Transaction from Plaintiffs' credit history;

9. Award Plaintiffs statutory damages for Defendant's failure to comply with TILA including defendant's failure to respond properly to Plaintiffs' rescission notice, in the amount of twice the finance charge in connection with the Transaction, but not less than $200 or more than $2,000 as provided by 15. U.S.C. § 1640(a);

10. Order that, because Defendant failed to properly respond to Plaintiffs' notice of rescission, Plaintiffs have no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of all the Plaintiffs' claims, including damages from violations relating to the consummation of the Transaction by way of recoupment, and order Defendant to accept tender on reasonable terms and over a reasonable period of time;

11. Award of actual damages in an amount to be established at trial;

12. Award Plaintiffs costs and reasonable attorney's fees as provided under 15 U.S.C. §1640(a);

ON THE SECOND CAUSE OF ACTION:

13. Actual damages, including but not limited to emotional distress;

14. For statutory damages in an amount not less than $100.00;

15. Award Plaintiffs costs and reasonable attorney's fees as provided under Cal. Civ. Code section 1788.30;

ON THE THIRD CAUSE OF ACTION:

16. For an order quieting title in and to Plaintiffs' Residence, free from any encumbrance, lien or cloud on title created as a result of the Transaction.

ON THE FOURTH CAUSE OF ACTION:

17. For an accounting of all amounts paid by Plaintiffs pursuant to the Transaction, an accounting of all charges and fees demanded from Plaintiffs, and a statement of the amount required to be restored to Defendant Deutsche and/or Axis Defendants, if any.

ON THE FIFTH CAUSE OF ACTION:

18. Actual damages according to proof;

19. Punitive damages pursuant to Cal. Civ. Code sec. 3294;

20. Award such other and further relief as the Court deems just and proper.

ON THE SIXTH CAUSE OF ACTION:

21. Award of actual damages in an amount to be established at trial;

22. An award of statutory damages of $1,000 as provided by 12 U.S.C. § 2605(f);

23. Award costs and reasonable attorney's fees as provided under 12 U.S.C. §2605(f);

24. Award such other and further relief as the Court deems just and proper.

ON THE SEVENTH CAUSE OF ACTION:

25. For a declaration that Plaintiffs rescinded the Transaction and the security interest in Plaintiffs' Residence is void;

26. For a permanent injunction prohibiting defendants Deutsche, SLS, Regional and their agents or anyone acting on their behalf from instituting, prosecuting, or maintaining foreclosure or sale proceedings on Plaintiffs' Residence, from recording any deeds or mortgages regarding Plaintiffs' Residence or from otherwise taking any steps whatsoever to deprive Plaintiffs of ownership in Plaintiffs' Residence, and in particular from proceeding with the sale of Plaintiffs' Residence scheduled for August 8, 2008.

ON ALL CAUSES OF ACTION:

27. For costs of suit incurred herein;

28. For reasonable attorneys fees permitted by statute; and,

29. For such other and further relief as this court may deem just and proper.

Date: 8/04/08

Respectfully submitted,
Law Offices of Deborah L. Raymond

By: _____
Deborah L. Raymond, Esq.
Attorney For Plaintiffs

1

DEMAND FOR JURY TRIAL

2    Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules

3  of Civil Procedure.

4  Date: 08/04/08

5                                    Respectfully submitted,

6                        Law Offices of Deborah L. Raymond

7

8                    By: _____

9                          Deborah L. Raymond, Esq.

                              Attorney For Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# Law Offices of Deborah L. Raymond

445 Marine View Avenue, Suite 305
Del Mar, CA 92014
Tel: 858-481-9559
Fax: 858-724-0747

March 5, 2008

SENT VIA FIRST CLASS CERTIFIED U.S. MAIL
Certified Receipt# 7007 1490 0001 7544 3976

7007 1490 0001 7544 3976

Chase Home Finance LLC
P.O. Box 509011
San Diego, CA 92150-9011

Re:    Aaron & Yolonda Walker
       Chase Loan No. 0023780513
       Property Address: 7869 Bloomfield Road, San Diego, California 92114
       A QUALIFIED WRITTEN REQUEST PURSUANT TO 12 U.S.C. §2605

Dear Sir or Madam:

This office represents Aaron & Yolonda Walker in their claims regarding the above referenced loan. Enclosed is a copy of a Letter of Designation And Authorization signed by my clients. **All further communications must be directed to this office only.** The debt associated with the above referenced loan number is hereby disputed.

Pursuant to 12 U.S.C. §2605, A QUALIFIED WRITTEN REQUEST is hereby made for information regarding the origination and the servicing of the loan, including without limitation copies of all signed and/or unsigned versions of the following documents relating to the above referenced loan:

1. Notice of Right of Rescission or Notice of Right To Cancel;
2. HUD-1 Disclosure or closing statement;
3. Truth In Lending Act Disclosures;
4. The Entire Note;
5. Deed of Trust;
6. All riders to any of the above documents:
7. Disclosures pursuant to 15 U.S.C. §1639;

12 USC §2605: Qualified Written Request    Page 1 of 3

**EXHIBIT "A-1"**

8. A History of Payments and other documents showing the loan disbursements, loan charges, payments made, and current principal balance due;

9. The Entire Loan Application File; and

10. All correspondence.

In addition, pursuant to 15 U.S.C. §1641(f)(2), request is hereby made for the name, address, and telephone number of the master servicer, the mortgage holder, the loan holder, and the owner of the loan secured by the property referenced above.

Sincerely,

Deborah L. Raymond
Attorney At Law

enclosure;

cc:     Jpm Chase
        P.O. Box 24730
        Columbus, OH 43224
        Certified Receipt# 7007 1490 0003 2626 3576

7007 1490 0003 2626 3576

12 USC §2605: Qualified Written Request          Page 2 of 3

EXHIBIT "A-1"

We, Aaron and Yolonda Walker hereby request information regarding the origination and the servicing of our loan, loan number 0023780513.  Please forward all information to our attorney.

Date: 2/29/08

_____
Aaron Walker

_____
Yolonda Walker

EXHIBIT "A-1"

# Law Offices of Deborah L. Raymond

380 Stevens Avenue, Suite 205
Solana Beach, CA 92075
Tel: 858-481-9559
Fax: 858-724-0747

## LETTER OF DESIGNATION AND AUTHORIZATION

To Whom It May Concern:

Re: Aaron Walker and Yolonda Walker / 7869 Bloomfield Road, San Diego, CA 92114

Please be advised that I have retained the Law Offices of Deborah L. Raymond to represent my interests. I hereby authorize the Law Offices of Deborah L. Raymond to represent my interests, including, but not limited to, communicating, negotiating, and otherwise dealing with my loans, previously or currently held by Secured Funding Corporation or Axis Mortgage & Investments, A Division of The Biltmore Bank of Arizona, and all parties associated with said loan, including without limitation, Chase Home Finance LLC, Lordsman Inc., Lordsman Inc. Escrow Division, Fidelity National Title, assigns, servicers, creditors, collectors, collection agencies, credit reporting agencies, attorneys, and all Federal, State, and local government agencies, as may be required in her representation of me. Except, this authorization does not authorize the Law Offices of Deborah L. Raymond to accept service of any summons and/or complaint on my behalf.

Also, by signing below, I authorize any credit reporting agencies, credit reporting bureaus, collector, creditor, servicers, doctor, chiropractor, hospital, any other healthcare provider, employer, police agency, government agency, or any other person to whom a signed photocopy or facsimile of this authorization is delivered, to furnish any information, documents, reports or copies of records which may be requested by the Law Offices of Deborah L. Raymond.

Date: 12/14/07          Signed: _____

Date: 12/14/07          Signed: _____

**EXHIBIT "A-1"**


**UNITED STATES
POSTAL SERVICE**®

Home | Help

Track & Confirm

# Track & Confirm

### Search Results

Label/Receipt Number: 7007 1490 0001 7544 3976
Status: **Delivered**

Your item was delivered at 7:50 am on March 06, 2008 in SAN DIEGO,
CA 92150. A proof of delivery record may be available through your local
Post Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > ) (?)  ( Return to USPS.com Home > )

**Track & Confirm**
Enter Label/Receipt Number.

---

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

EXHIBIT "A-1"

# Law Offices of Deborah L. Raymond

445 Marine View Avenue, Suite 305
Del Mar, CA 92014
Tel: 858-481-9559
Fax: 858-724-0747

March 5, 2008

SENT VIA FIRST CLASS CERTIFIED U.S. MAIL
Certified Receipt# 7007 1490 0003 2626 3569

S.L.S.                                          7007 1490 0003 2626 3569
Attn: Customer Care Support
P.O. Box 636005
Littleton, CO 80163-6005

Re:    Aaron & Yolonda Walker
       SLS Account No. 1002871432
       Chase Loan No. 0023780513
       Property Address: 7869 Bloomfield Road, San Diego, California 92114
       A QUALIFIED WRITTEN REQUEST PURSUANT TO 12 U.S.C. §2605

Dear Sir or Madam:

This office represents Aaron & Yolonda Walker in their claims regarding the above referenced loan. Enclosed is a copy of a Letter of Designation And Authorization signed by my clients. **All further communications must be directed to this office only.** The debt associated with the above referenced loan number is hereby disputed.

Pursuant to 12 U.S.C. §2605, A QUALIFIED WRITTEN REQUEST is hereby made for information regarding the origination and the servicing of the loan, including without limitation copies of all signed and/or unsigned versions of the following documents relating to the above referenced loan:

1. Notice of Right of Rescission or Notice of Right To Cancel;
2. HUD-1 Disclosure or closing statement;
3. Truth In Lending Act Disclosures;
4. The Entire Note;
5. Deed of Trust;
6. All riders to any of the above documents:

12 USC §2605: Qualified Written Request        Page 1 of 3

EXHIBIT "A-2"

7. Disclosures pursuant to 15 U.S.C. §1639;

8. A History of Payments and other documents showing the loan disbursements, loan charges, payments made, and current principal balance due;

9. The Entire Loan Application File; and

10. All correspondence.

    **In addition, pursuant to 15 U.S.C. §1641(f)(2), request is hereby made for the name, address, and telephone number of the master servicer, the mortgage holder, the loan holder, and the owner of the loan secured by the property referenced above.**

Sincerely,

Deborah L. Raymond
Attorney At Law

enclosure;

cc:    S.L.S.
       8742 Leucent Blvd., #300
       Highland Ranch, CO 80129
       Certified Receipt# 7007 1490 0003 2626 3545

       7007 1490 0003 2626 3545

12 USC §2605: Qualified Written Request      **Page 2 of 3**

**EXHIBIT "A-2"**

We, Aaron and Yolonda Walker hereby request information regarding the origination and the servicing of our loan, SLS loan number 1002871432 (Chase loan number 0023780513). Please forward all information to our attorney.

Date: 2/29/08

_____    _____
Aaron Walker                   Yolonda Walker

12 USC §2605: Qualified Written Request        Page 3 of 3

EXHIBIT "A-2"

# Law Offices of Deborah L. Raymond
380 Stevens Avenue, Suite 205
Solana Beach, CA 92075
Tel: 858-481-9559
Fax: 858-724-0747

## LETTER OF DESIGNATION AND AUTHORIZATION

To Whom It May Concern:

Re: Aaron Walker and Yolonda Walker / 7869 Bloomfield Road, San Diego, CA 92114

Please be advised that I have retained the Law Offices of Deborah L. Raymond to represent my interests. I hereby authorize the Law Offices of Deborah L. Raymond to represent my interests, including, but not limited to, communicating, negotiating, and otherwise dealing with my loans, previously or currently held by Secured Funding Corporation or Axis Mortgage & Investments, A Division of The Biltmore Bank of Arizona, and all parties associated with said loan, including without limitation, Chase Home Finance LLC, Lordsman Inc., Lordsman Inc. Escrow Division, Fidelity National Title, assigns, servicers, creditors, collectors, collection agencies, credit reporting agencies, attorneys, and all Federal, State, and local government agencies, as may be required in her representation of me. Except, this authorization does not authorize the Law Offices of Deborah L. Raymond to accept service of any summons and/or complaint on my behalf.

Also, by signing below, I authorize any credit reporting agencies, credit reporting bureaus, collector, creditor, servicers, doctor, chiropractor, hospital, any other healthcare provider, employer, police agency, government agency, or any other person to whom a signed photocopy or facsimile of this authorization is delivered, to furnish any information, documents, reports or copies of records which may be requested by the Law Offices of Deborah L. Raymond.

Date: 12/14/07          Signed: _____

Date: 12/14/07          Signed: _____

**EXHIBIT "A-2"**

 **UNITED STATES POSTAL SERVICE®**

Home | Help

Track & Confirm

# Track & Confirm

### Search Results

Label/Receipt Number: 7007 1490 0003 2626 3569
Status: **Delivered**

Your item was delivered at 10:52 am on March 11, 2008 in LITTLETON,
CO 80129. A proof of delivery record may be available through your local
Post Office for a fee.

Additional information for this item is stored in files offline.

( **Restore Offline Details >** ) (?) ( **Return to USPS.com Home >** )

**Track & Confirm**

Enter Label/Receipt Number.

---

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

EXHIBIT "A-2"



**SLS**
Specialized Loan Servicing, LLC

03/12/08

OL 04-17
AARON WALKER
7869 BLOOMFIELD ROAD
SAN DIEGO          CA          92114

RE:    Loan Number:          1002871432
       Property Address:     7869 BLOOMFIELD ROAD
                             SAN DIEGO          CA  92114

Dear AARON WALKER

### NOTICE OF INTENT TO FORECLOSE

This shall serve as formal notice that you are presently in default under the terms of your Note and Mortgage secured by the property referenced above. Specifically, you have failed to pay the 12/01/07 installments as well as all succeeding installments that have come due on this Note.

You are hereby notified that you are required to cure your default by thirty (30) days after the date of this letter. In order to cure your default, you must pay the total amount due at this time of $13742.17 plus any additional payments, fees and late charges that become due between the date of this letter and the time your payment is received. Your payment must be made in immediately collectable funds (Cashier's Check, Certified Check, or Money Order) only.

If you do not cure this default within the time specified in this notice, the entire unpaid balance of the loan will become due and payable immediately. We also may elect to commence foreclosure proceedings to acquire the property by foreclosure and sale.

If you have any questions about the amount necessary to reinstate your loan, please call 1-800-315-4757 and speak with a loan counselor. We urge you to make immediate payment of the total amount now due, to avoid the consequences described above.

Please note that under the terms of your Mortgage, if we foreclose on your loan, we are also entitled to collect all expenses allowed by law, which may include reasonable attorney's fees and other costs related to the default and the foreclosure.

8742 Lucent Blvd., Suite 300, Highlands Ranch, CO 80129
Direct (720)241-7200          Fax (720)241-7220

EXHIBIT "B-1"

Unless you notify us wi~~th thirty (30) days after the date of this notice~~ debt or any portion thereof, we will assume the debt is valid. If you notify us in writing within thirty (30) days after the date of this notice, we will obtain verification of the debt and will mail you a copy of such verification. If we receive a written request from you within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

### Important Messages

For your protection, please be advised that we are attempting to collect a debt and any information obtained will be used for that purpose. Calls will be monitored and recorded for quality assurance purposes. If you do not wish for your call to be recorded, please notify the customer service associate when calling.

Attention to any customer in Bankruptcy or who has received a bankruptcy discharge of this debt: please be advised that this letter constitutes neither a demand for payment of the captioned debt nor a notice of personal liability to any recipient hereof who might have received a discharge of such debt in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code, however, it may be a notice of possible enforcement of our lien against the collateral property, which has not been discharged in your bankruptcy.

If you desire to discuss this matter or need additional information, we urge you to call 1-800-315-4757 Monday – Friday 7AM – 7PM MST.  TDD number – 1-800-268-9419 Monday - Friday 8AM – 5PM MST.

Sincerely,

Customer Assistance Department

EXHIBIT "B-1"



**SLS**
Specialized Loan Servicing, LLC

03/13/08

OL 04-17
AARON WALKER
7869 BLOOMFIELD ROAD
SAN DIEGO        CA        92114

RE:    Loan Number:        1002871432
       Property Address:   7869 BLOOMFIELD ROAD
                           SAN DIEGO        CA  92114

Dear AARON WALKER

### NOTICE OF INTENT TO FORECLOSE

This shall serve as formal notice that you are presently in default under the terms of your Note and Mortgage secured by the property referenced above. Specifically, you have failed to pay the 12/01/07 installments as well as all succeeding installments that have come due on this Note.

You are hereby notified that you are required to cure your default by thirty (30) days after the date of this letter. In order to cure your default, you must pay the total amount due at this time of $13742.17 plus any additional payments, fees and late charges that become due between the date of this letter and the time your payment is received. Your payment must be made in immediately collectable funds (Cashier's Check, Certified Check, or Money Order) only.

If you do not cure this default within the time specified in this notice, the entire unpaid balance of the loan will become due and payable immediately. We also may elect to commence foreclosure proceedings to acquire the property by foreclosure and sale.

If you have any questions about the amount necessary to reinstate your loan, please call 1-800-315-4757 and speak with a loan counselor. We urge you to make immediate payment of the total amount now due, to avoid the consequences described above.

Please note that under the terms of your Mortgage, if we foreclose on your loan, we are also entitled to collect all expenses allowed by law, which may include reasonable attorney's fees and other costs related to the default and the foreclosure.

8742 Lucent Blvd., Suite 300, Highlands Ranch, CO 80129
Direct (720)241-7200        Fax (720)241-7220

EXHIBIT "B-2"

Unless you notify us within thirty (30) days after the date of this notice that you dispute the validity of the debt or any portion thereof, we will assume the debt is valid. If you notify us in writing within thirty (30) days after the date of this notice, we will obtain verification of the debt and will mail you a copy of such verification. If we receive a written request from you within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

### Important Messages

For your protection, please be advised that we are attempting to collect a debt and any information obtained will be used for that purpose. Calls will be monitored and recorded for quality assurance purposes. If you do not wish for your call to be recorded, please notify the customer service associate when calling.

Attention to any customer in Bankruptcy or who has received a bankruptcy discharge of this debt: please be advised that this letter constitutes neither a demand for payment of the captioned debt nor a notice of personal liability to any recipient hereof who might have received a discharge of such debt in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code, however, it may be a notice of possible enforcement of our lien against the collateral property, which has not been discharged in your bankruptcy.

If you desire to discuss this matter or need additional information, we urge you to call 1-800-315-4757 Monday – Friday 7AM – 7PM MST. TDD number – 1-800-268-9419 Monday - Friday 8AM – 5PM MST.

Sincerely,

Customer Assistance Department

8742 Lucent Blvd., Suite 300, Highlands Ranch, CO 80129
Direct (720)241-7200        Fax (720)241-7220

EXHIBIT "B-2"



**CHASE** ⬡

0023780513

Chase Home Finance LLC
3415 Vision Drive
Columbus OH 43219-6009
(800) 548-7912 Customer Care

March 19, 2008

Deborah L. Raymond
Law Offices of Deborah L. Raymond
445 Marine View Avenue Suite 305
Del Mar CA 92014

Re: Loan #0023780513 for Aaron Walker

Dear Deborah Raymond:

This letter is in response to the recent inquiry that Chase Home Finance received about the mortgage loan referenced above.

I have outlined below our fee schedule for copying documents. Payment and a signed borrower's authorization are required with your request.

- Amortization Schedule $15.00
- Deed of Trust or Mortgage $10.00
- HUD-1 Settlement Statement $10.00
- Note $10.00
- 1098 or 1099 Prior Year/s Year End Statement $5.00
- Payment History $20.00
- Verification of Mortgage $20.00

Please send your check for the total amount and list the documents you require.

Chase's goal is to provide the highest level of quality service. If you have any questions, please contact Customer Care at (800) 548-7912.

Sincerely,

Michael Enders
Customer Care Professional
Customer Care

EXHIBIT "C"

# Law Offices of Deborah L. Raymond

445 Marine View Avenue, Suite 305
Del Mar, CA 92014
Tel: 858-481-9559
Fax: 858-724-0747

May 29, 2008

SENT VIA FIRST CLASS CERTIFIED U.S. MAIL
Certified Receipt# 7007 1490 0003 2626 3125

S.L.S.
8742 Leucent Blvd., #300
Highland Ranch, CO 80129

`7007 1490 0003 2626 3125`

Re:     Aaron & Yolonda Walker
        SLS Account No. 1002871432
        Chase Loan No. 0023780513
        Property Address: 7869 Bloomfield Road, San Diego, California 92114
        NOTICE OF RESCISSION OF MORTGAGE/LOAN

Dear Sir or Madam:

    This office represents Aaron Walker and Yolonda Walker in their claims against Specialized Loan Servicing, LLC and Chase Home Finance LLC, and their assigns, servicers, agents, principals, subsidiaries and/or the holder/owner of the note for the above referenced loan (hereinafter referred to as "Creditor"). Enclosed is a copy of a Letter of Designation And Authorization signed by my client. All further communications must be directed to this office only. The debt associated with the above referenced real estate loan number is hereby disputed.

## NOTICE OF RESCISSION OF MORTGAGE

    Consumers, Aaron Walker and Yolonda Walker (hereinafter referred to as "Consumer"), base the following upon the understanding that Creditor is subject to the Truth In Lending Act (hereinafter "TILA"), and hereby exercise his rights under the Truth In Lending Act (15 U.S.C. §1601 et seq.), Regulation Z (12 C.F.R. § 226.1 et seq.), and related statutes and California state laws, which may include, without limitation, RESPA and California Finance Lenders laws, to rescind the above referenced loan. Without limitation, Consumer bases his right to rescind upon

Page 1 of 3

**EXHIBIT "D-1"**

the fact that required disclosures pursuant to 15 USC §1601 et seq. were not provided to the Consumer, including but not limited to, two copies of a Notice of Right To Cancel containing all required information.

We are prepared to discuss a tender obligation, should it arise, and satisfactory ways in which my clients may meet this obligation. Please be advised that if you do not cancel the security interest and return all consideration paid by my client within 20 days of receipt of this letter, you could be responsible for actual and statutory damages pursuant to 15 U.S.C. § 1640(a).

Additionally, pursuant the to 15 U.S.C. § 1641(f)(2), request is hereby made for the name, address, and telephone number of the master servicer, all the mortgage holders, all the note/loan holders, and all the owners of the loan described above. Furthermore, we are awaiting your response to the QUALIFIED WRITTEN REQUEST mailed to you on March 5, 2008.

Demand is hereby made for verification of the alleged debt. Request is also made for an immediate written description of all information, data, or other documentation that you believe would disprove that this loan is in violation of TILA, RESPA, and/or California Finance Lenders laws and subject to rescission.

If you are not currently the holder/owner of the loan, we hereby request that you immediately forward this Notice of Rescission to the holder/owner of the loan or immediately provide this office with the name, address, and telephone number of the current holder/owner of the loan.

**Be advised that any action taken against my clients, including but not limited to any collection actions, any recording of any foreclosure instrument, including any Notice of Trustee's Sale, or any other foreclosure action which violates federal and/or state laws will be construed as willful and malicious actions, and will be extremely injurious to my clients.**

Sincerely,

Deborah L. Raymond
Attorney for Aaron & Yolonda Walker

Page 2 of 3

EXHIBIT "D-1"

**WE HEREBY RESCIND/CANCEL THE LOAN TRANSACTION RELATING TO SPECIALIZED LOAN SERVICING, LLC's ACCOUNT NUMBER 1002871432.**  A signed photocopy, PDF, or facsimile of this Rescission/Cancellation shall have the same force and/or effect as a signed original.

Dated: 5/21/08

_____
Aaron Walker

Dated: 5/21/08

_____
Yolonda Walker

Page 3 of 3

EXHIBIT "D-1"

# Law Offices of Deborah L. Raymond

380 Stevens Avenue, Suite 205
Solana Beach, CA 92075
Tel: 858-481-9559
Fax: 858-724-0747

## LETTER OF DESIGNATION AND AUTHORIZATION

To Whom It May Concern:

Re: Aaron Walker and Yolonda Walker / 7869 Bloomfield Road, San Diego, CA 92114

Please be advised that I have retained the Law Offices of Deborah L. Raymond to represent my interests. I hereby authorize the Law Offices of Deborah L. Raymond to represent my interests, including, but not limited to, communicating, negotiating, and otherwise dealing with my loans, previously or currently held by Secured Funding Corporation or Axis Mortgage & Investments, A Division of The Biltmore Bank of Arizona, and all parties associated with said loan, including without limitation, Chase Home Finance LLC, Lordsman Inc., Lordsman Inc. Escrow Division, Fidelity National Title, assigns, servicers, creditors, collectors, collection agencies, credit reporting agencies, attorneys, and all Federal, State, and local government agencies, as may be required in her representation of me. Except, this authorization does not authorize the Law Offices of Deborah L. Raymond to accept service of any summons and/or complaint on my behalf.

Also, by signing below, I authorize any credit reporting agencies, credit reporting bureaus, collector, creditor, servicers, doctor, chiropractor, hospital, any other healthcare provider, employer, police agency, government agency, or any other person to whom a signed photocopy or facsimile of this authorization is delivered, to furnish any information, documents, reports or copies of records which may be requested by the Law Offices of Deborah L. Raymond.

Date: __12/14/07__    Signed: _____

Date: __12/14/07__    Signed: _____

**EXHIBIT "D-1"**

39

# Law Offices of Deborah L. Raymond

445 Marine View Avenue, Suite 305
Del Mar, CA 92014
Tel: 858-481-9559
Fax: 858-724-0747

June 27, 2008

<u>SENT VIA FIRST CLASS CERTIFIED U.S. MAIL</u>
Certified Receipt# 7008 0500 0001 9143 6615

Deutsche Bank National Trust Company
60 Wall Street Mail Stop NYC60-3012
New York, NY 10005-5391

```
7008 0500 0001 9143 6615
```

Re:    Aaron & Yolonda Walker
       SLS Account No. 1002871432
       Chase Loan No. 0023780513
       Property Address: 7869 Bloomfield Road, San Diego, California 92114
       NOTICE OF RESCISSION OF MORTGAGE/LOAN HELD BY DEUTSCHE BANK
       NATIONAL TRUST COMPANY, as TRUSTEE ON BEHALF OF THE HOLDERS OF
       THE TERWIN MORTGAGE TRUST 2006-9HGA, ASSET-BACKED CERTIFICATES,
       TMTS SERIES 2006-9HGA

Dear Sir or Madam:

This office represents Aaron Walker and Yolonda Walker in their claims against Deutsche Bank National Trust Company, as Trustee on behalf of the holders of the Terwin Mortgage Trust 2006-9HGA, Asset-Backed Certificates, TMTS Series 2006-9HGA, Specialized Loan Servicing, LLC, Chase Home Finance LLC, and their assigns, servicers, agents, principals, subsidiaries and/or the holder/owner of the note for the above referenced loan (hereinafter referred to as "Creditor"). Enclosed is a copy of a Letter of Designation And Authorization signed by my client. All further communications must be directed to this office only. The debt associated with the above referenced loan number(s) is hereby disputed.

## <u>NOTICE OF RESCISSION OF MORTGAGE</u>

Consumers, Aaron Walker and Yolonda Walker (hereinafter referred to as "Consumers"), base the following upon the understanding that Creditor is subject to the Truth In Lending Act (hereinafter "TILA"), and hereby exercise their rights under the Truth In Lending Act (15 U.S.C. §1601 et seq.), Regulation Z (12 C.F.R. § 226.1 et seq.), and related statutes and California state laws, which may include, without limitation, RESPA and California Finance Lenders laws, to rescind the above referenced loan. Without limitation, Consumers base their right to rescind upon the fact that required disclosures pursuant to 15 USC §1601 et seq. were not provided to Consumers, including but not limited to, two copies of a Notice of Right To Cancel containing all

Page 1 of 3

EXHIBIT "D-2"

required information.

We are prepared to discuss a tender obligation, should it arise, and satisfactory ways in which my clients may meet this obligation. Please be advised that if you do not cancel the security interest and return all consideration paid by my clients within 20 days of receipt of this letter, you could be responsible for actual and statutory damages pursuant to 15 U.S.C. § 1640(a).

Demand is hereby made for verification of the alleged debt. Request is also made for an immediate written description of all information, data, or other documentation that you believe would disprove that this loan is in violation of TILA, RESPA, and/or California Finance Lenders laws and subject to rescission.

Demand is further made for all signed and/or unsigned copies of the following documents relating to the above referenced loan:

1. **Notice of Right to Cancel;**
2. **HUD-1 Disclosure;**
3. **Truth In Lending Act Disclosures;**
4. **The Entire Note;**
5. **Deed of Trust;**
6. **All riders to any of the above documents;**
7. **Any documents relating to any transfer, sale, or assignment of the note or loan, including but not limited to any pooling and servicing agreement ("PSA");**
8. **A full accounting of the loan transaction, including but not limited to a complete history of all credits, debits, charges, loan disbursements, loan charges, payments made, and current principal balance due;**
9. **The Entire Loan Application File; and**
10. **All correspondence.**

If you are not currently the holder/owner of the loan, we hereby request that you immediately forward this Notice of Rescission to the holder/owner of the loan or immediately provide this office with the name, address, and telephone number of the current holder/owner of the loan.

**Be advised that any action taken against my clients, including but not limited to any collection actions, any recording of any foreclosure instrument, including any Notice of Trustee's Sale, or any other foreclosure action which violates federal and/or state laws will be construed as willful and malicious actions, and will be extremely injurious to my clients.**

Sincerely,

Deborah L. Raymond
Attorney for Aaron & Yolonda Walker

cc:  S.L.S., 8742 Leucent Blvd., #300, Highland Ranch, CO 80129 (1st Class U.S. Mail Only)

Page 2 of 3

EXHIBIT "D-2"

**WE HEREBY RESCIND/CANCEL THE LOAN TRANSACTION RELATING TO
SPECIALIZED LOAN SERVICING, LLC's ACCOUNT NUMBER 1002871432.** A signed
photocopy, PDF, or facsimile of this Rescission/Cancellation shall have the same force and/or
effect as a signed original.

Dated: 5/21/08

_____
Aaron Walker

Dated: 5/21/08

_____
Yolonda Walker

Page 3 of 3

EXHIBIT "D-2"

# Law Offices of Deborah L. Raymond

380 Stevens Avenue, Suite 205
Solana Beach, CA 92075
Tel: 858-481-9559
Fax: 858-724-0747

## LETTER OF DESIGNATION AND AUTHORIZATION

To Whom It May Concern:

Re: Aaron Walker and Yolonda Walker / 7869 Bloomfield Road, San Diego, CA 92114

Please be advised that I have retained the Law Offices of Deborah L. Raymond to represent my interests. I hereby authorize the Law Offices of Deborah L. Raymond to represent my interests, including, but not limited to, communicating, negotiating, and otherwise dealing with my loans, previously or currently held by Secured Funding Corporation or Axis Mortgage & Investments, A Division of The Biltmore Bank of Arizona, and all parties associated with said loan, including without limitation, Chase Home Finance LLC, Lordsman Inc., Lordsman Inc. Escrow Division, Fidelity National Title, assigns, servicers, creditors, collectors, collection agencies, credit reporting agencies, attorneys, and all Federal, State, and local government agencies, as may be required in her representation of me. Except, this authorization does not authorize the Law Offices of Deborah L. Raymond to accept service of any summons and/or complaint on my behalf.

Also, by signing below, I authorize any credit reporting agencies, credit reporting bureaus, collector, creditor, servicers, doctor, chiropractor, hospital, any other healthcare provider, employer, police agency, government agency, or any other person to whom a signed photocopy or facsimile of this authorization is delivered, to furnish any information, documents, reports or copies of records which may be requested by the Law Offices of Deborah L. Raymond.

Date: __12/14/07__    Signed: _____

Date: __12/14/07__    Signed: _____

**EXHIBIT "D-2"**

43

# Law Offices of Deborah L. Raymond

445 Marine View Avenue, Suite 305
Del Mar, CA 92014
Tel: 858-481-9559
Fax: 858-724-0747

July 31, 2008

<u>SENT VIA FIRST CLASS CERTIFIED U.S. MAIL</u>
Certified Receipt# 7008 0500 0002 1709 8797

7008 0500 0002 1709 8797

AXIS MORTGAGE & INVESTMENT,
A DIVISION OF THE BILTMORE BANK OF ARIZONA
1201 S. ALMA SCHOOL RD.; SUITE 3700
MESA, ARIZONA 85210

Re:    Aaron & Yolonda Walker
Original Loan No. 2301597312
SLS Account No. 1002871432
Chase Loan No. 0023780513
Property Address: 7869 Bloomfield Road, San Diego, California 92114
NOTICE OF RESCISSION OF MORTGAGE/LOAN PREVIOUSLY HELD BY AXIS
MORTGAGE & INVESTMENTS and CURRENTLY HELD BY DEUTSCHE BANK
NATIONAL TRUST COMPANY, as TRUSTEE ON BEHALF OF THE HOLDERS OF
THE TERWIN MORTGAGE TRUST 2006-9HGA, ASSET-BACKED CERTIFICATES,
TMTS SERIES 2006-9HGA

Dear Sir or Madam:

This office represents Aaron Walker and Yolonda Walker in their claims relating to the
above referenced loan transaction. Enclosed is a copy of a Letter of Designation And Authorization
signed by my client. All further communications must be directed to this office only. The debt
associated with the above referenced loan number(s) is hereby disputed.

## <u>NOTICE OF RESCISSION OF MORTGAGE</u>

Consumers, Aaron Walker and Yolonda Walker (hereinafter referred to as "Consumers"),
base the following upon the understanding that Creditor is subject to the Truth In Lending Act
(hereinafter "TILA"), and hereby exercise their rights under the Truth In Lending Act (15 U.S.C.
§1601 et seq.), Regulation Z (12 C.F.R. § 226.1 et seq.), and related statutes and California state
laws, which may include, without limitation, RESPA and California Finance Lenders laws, to
rescind the above referenced loan. Without limitation, Consumers base their right to rescind upon
the fact that required disclosures pursuant to 15 USC §1601 et seq. were not provided to
Consumers, including but not limited to, four copies of a Notice of Right To Cancel containing all
required information.

Page 1 of 3

EXHIBIT "D-3"

Demand is made for all <u>signed and/or unsigned</u> copies of the following documents relating to the above referenced loan transaction:

1. Notices of Right to Cancel;
2. HUD-1 Disclosure;
3. Truth In Lending Act Disclosures;
4. The Entire Note;
5. Deed of Trust;
6. All riders to any of the above documents;
7. Any documents relating to any transfer, sale, or assignment of the note or loan, including but not limited to any pooling and servicing agreement ("PSA");
8. A full accounting of the loan transaction, including but not limited to a complete history of all credits, debits, charges, loan disbursements, loan charges, payments made, and current principal balance due;
9. The Entire Loan Application File; and
10. All correspondence.

Your prompt attention to this matter is requested.

Sincerely,

Deborah L. Raymond
Attorney for Aaron & Yolonda Walker

EXHIBIT "D-3"

WE HEREBY RESCIND/CANCEL THE LOAN TRANSACTION RELATING TO
SPECIALIZED LOAN SERVICING, LLC's ACCOUNT NUMBER 1002871432. A signed
photocopy, PDF, or facsimile of this Rescission/Cancellation shall have the same force and/or
effect as a signed original.

Dated: 5/21/08

_____
Aaron Walker

Dated: 5/21/08

_____
Yolonda Walker

Page 3 of 3

EXHIBIT "D-3"

# Law Offices of Deborah L. Raymond

380 Stevens Avenue, Suite 205
Solana Beach, CA 92075
Tel: 858-481-9559
Fax: 858-724-0747

## LETTER OF DESIGNATION AND AUTHORIZATION

To Whom It May Concern:

Re: Aaron Walker and Yolonda Walker / 7869 Bloomfield Road, San Diego, CA 92114

Please be advised that I have retained the Law Offices of Deborah L. Raymond to represent my

interests. I hereby authorize the Law Offices of Deborah L. Raymond to represent my interests,

including, but not limited to, communicating, negotiating, and otherwise dealing with my loans,

previously or currently held by Secured Funding Corporation or Axis Mortgage & Investments, A

Division of The Biltmore Bank of Arizona, and all parties associated with said loan, including without

limitation, Chase Home Finance LLC, Lordsman Inc., Lordsman Inc. Escrow Division, Fidelity National

Title, assigns, servicers, creditors, collectors, collection agencies, credit reporting agencies, attorneys, and

all Federal, State, and local government agencies, as may be required in her representation of me. Except,

this authorization does not authorize the Law Offices of Deborah L. Raymond to accept service of any

summons and/or complaint on my behalf.

Also, by signing below, I authorize any credit reporting agencies, credit reporting bureaus,

collector, creditor, servicers, doctor, chiropractor, hospital, any other healthcare provider, employer,

police agency, government agency, or any other person to whom a signed photocopy or facsimile of this

authorization is delivered, to furnish any information, documents, reports or copies of records which may

be requested by the Law Offices of Deborah L. Raymond.

Date: __12/14/07__    Signed: _____

Date: __12/14/07__    Signed: _____

**EXHIBIT "D-3"**

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO

**REGIONAL TRUSTEE SERVICES CORPORATION**
616 1st Avenue, Suite 500
Seattle, WA 98104

---

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 7/11/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

## NOTICE OF TRUSTEE'S SALE
Trustee's Sale No. 05-FSL-56977

On August 8, 2008, at 10:00 AM, AT THE SOUTH ENTRANCE TO THE COUNTY COURTHOUSE, 220 WEST BROADWAY, in the City of SAN DIEGO, County of SAN DIEGO, State of CALIFORNIA, REGIONAL SERVICE CORPORATION, a California corporation, as duly appointed Trustee under that certain Deed of Trust executed by AARON WALKER, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, as Trustors, recorded on 7/18/2006, as Instrument No. 2006-0502701, of Official Records in the office of the Recorder of SAN DIEGO County, State of CALIFORNIA, under the power of sale therein contained, **WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER,** for cash, or cashier's check (payable at the time of sale in lawful money of the United States) without warranty express or implied as to title, use, possession or encumbrances, all right, title and interest conveyed to and now held by it as such Trustee, in and to the following described property situated in the aforesaid County and State, to-wit:

TAX PARCEL NO.    581-462-22

From information which the Trustee deems reliable, but for which Trustee makes no representation or warranty, the street address or other common designation of the above described property is purported to be 7869 BLOOMFIELD ROAD , SAN DIEGO, CA 92114.

Said property is being sold for the purpose of paying the obligations secured by said Deed of Trust, including fees and expenses of sale. The total amount of the unpaid principal balance, interest thereon, together with reasonably estimated costs, expenses and advances at the time of the initial publication of the Notice of Trustee's Sale is $444,453.16.

Dated: 7/18/2008

REGIONAL SERVICE CORPORATION, Trustee

By _Kñickman_
KIMBERLEY HICKMAN, AUTHORIZED AGENT
Agent for Trustee:    AGENCY SALES AND POSTING
                      3210 EL CAMINO REAL SUITE 200
                      IRVINE, CA 92602
Telephone Number:    (800) 542-2550
Sale Information:    (714) 259-7850 or http://www.rtrustee.com

CA NOTS

EXHIBIT "E"

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

AARON WALKER and YOLONDA WALKER

**DEFENDANTS** SPECIALIZED LOAN SERVICES; 2008 AUG -4  PM 3:30
DEUTSCHE BANK NATIONAL TRUST COMPANY, as TRUSTEE
ON BEHALF OF THE HOLDERS OF THE TERWIN MORTGAGE
TRUST 2006-9HGA, ASSETS BACKED CERTIFICATES, SERIES
2006-9HGA; AXIS MORTGAGE & INVESTMENT; AXIS MORTGAGE &
INVESTMENT, LLC; BILTMORE BANK OF ARIZONA; CHASE HOME
FINANCE LLC; REGIONAL TRUSTEE SERVICES CORPORATION

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego

(EXCEPT IN U.S. PLAINTIFF CASES)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Law Offices of Deborah L. Raymond
445 Marine View Avenue, Suite 305
Del Mar, CA  92014
Tel# (858) 481-9669

**ATTORNEYS (IF KNOWN)**

'08 CV 1411 H NLS

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
(For Diversity Cases Only)    FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)** Violations of the Federal Truth In Lending Act, failure to abide by rescission rights
15 U.S.C. sections 1601 et seq.; Violations of the Federal Real Estate Settlement Procedures Act, 12 U.S.C. section 2605

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | **PERSONAL INJURY** | **PERSONAL INJURY** | | | |
| ☐ 110 Insurance | | | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| | | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | TILA |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    **DEMAND $** 3,000.00 + rescission Not less than    Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE n/a    Docket Number n/a

**DATE** 08/04/2008    SIGNATURE OF ATTORNEY OF RECORD Deborah Raymond

# 153632    TLC $350

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)



8/4/08



# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 153632     — TC

# August 04. 2008
# 15:36:25

## Civ Fil Non-Pris
USAO #.: 08CV1411
Judge..: MARILYN L HUFF
Amount.:                    $350.00 CK
Check#.: BC5891

## Total—>  $350.00

FROM: 'AARON WALKER
       VS
       SPECIAL LOAN SERVICES