1  LAW OFFICES OF DEBORAH L. RAYMOND
   Deborah L. Raymond, SBN 173528
2  445 Marine View Avenue, Suite 305
   Del Mar, CA 92014
3  (858) 481-9559

4  Attorney For Plaintiffs, AARON WALKER and YOLONDA WALKER

**FILED**

2008 AUG -4 PM 3:34

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____KNK_____DEPUTY

8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA

10  AARON   WALKER,   an   individual;        Case No.
11  YOLONDA WALKER, an individual,
                                               '08 CV 1411 H NLS
12           Plaintiffs,
13  vs.

14  SPECIALIZED LOAN SERVICING, LLC, a       **APPLICATION   FOR   TEMPORARY**
    Delaware  Limited  Liability  Company;    **RESTRAINING ORDER AND**
15  DEUTSCHE BANK NATIONAL TRUST              **PRELIMINARY INJUNCTION**
    COMPANY, as TRUSTEE ON BEHALF OF
16  THE   HOLDERS   OF   THE   TERWIN
    MORTGAGE TRUST 2006-9HGA, ASSET-
17  BACKED CERTIFICATES, TMTS SERIES
    2006-9HGA, an entity of unknown form;
18  AXIS MORTGAGE & INVESTMENT, an
    entity of unknown form; AXIS MORTGAGE
19  & INVESTMENTS, LLC, a Arizona Limited
    Liability Company; BILTMORE BANK OF
20  ARIZONA, a banking institution; CHASE
    HOME FINANCE LLC, a Delaware Limited
21  Liability Company; REGIONAL TRUSTEE
    SERVICES CORPORATION, a Washington
22  Corporation; and DOES 1-10, inclusive,
23
24           Defendant(s).
25
26

*ORIGINAL*



1     TO: DEFENDANTS, SPECIALIZED LOAN SERVICING, LLC; DEUTSCHE BANK

2     NATIONAL TRUST COMPANY, as TRUSTEE ON BEHALF OF THE HOLDERS OF THE

3     TERWIN MORTGAGE TRUST 2006-9HGA, ASSET-BACKED CERTIFICATES, TMTS SERIES

4     2006-9HGA; AXIS MORTGAGE & INVESTMENT; AXIS MORTGAGE & INVESTMENTS, LLC;

5     BILTMORE BANK OF ARIZONA; CHASE HOME FINANCE LLC; REGIONAL TRUSTEE

6     SERVICES CORPORATION; AND, THEIR ATTORNEY(S) OF RECORD:

7

8     PLEASE TAKE NOTICE THAT Plaintiffs hereby apply for a Temporary Restraining

9     Order ("TRO") and a Preliminary Injunction enjoining Defendants and their agents, assigns,

10    employees, officers, attorneys, and representative from engaging in or performing any act to deprive

11    Plaintiff of ownership or possession of the real property located at 7869 Bloomfield Road, San Diego,

12    California 92114 (hereinafter the "Property"), including but not limited to instituting, prosecuting, or

13    maintaining foreclosure or sale proceedings on the Property, from recording any deeds or mortgages

14    regarding the Property or from otherwise taking any steps whatsoever to deprive Plaintiff of ownership

15    in the Property, and in particular **from proceeding with the sale of the Property scheduled for**

16    **August 8, 2008.**

17

18    This Application is based on this Notice, and the Memorandum of Points and

19    Authorities, the declarations of Aaron Walker, Yolonda Walker, and Deborah L. Raymond, Esq. filed

20    herewith, and the pleadings, filings and other matters that may be presented at a hearing.

21    Dated: August 4, 2008

22

23                     Deborah L. Raymond, Esq.

                          Attorney for Plaintiffs

24

25

26

1  LAW OFFICES OF DEBORAH L. RAYMOND
   Deborah L. Raymond, SBN 173528
2  445 Marine View Avenue, Suite 305
   Del Mar, CA 92014
3  (858) 481-9559

4  Attorney For Plaintiffs, AARON WALKER and YOLONDA WALKER

5

6

7

8                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF CALIFORNIA
9

10                                      | Case No.
   AARON    WALKER,   an   individual;
11 YOLONDA WALKER, an individual,              '08 CV 1 4 1 1 H  NLS

12        Plaintiffs,

13 vs.

14 SPECIALIZED LOAN SERVICING, LLC, a     | **PLAINTIFFS' MEMORANDUM OF**
   Delaware  Limited  Liability  Company;  | **POINTS AND AUTHORITIES IN**
15 DEUTSCHE BANK NATIONAL TRUST            | **SUPPORT OF APPLICATION FOR**
   COMPANY, as TRUSTEE ON BEHALF OF        | **TEMPORARY RESTRAINING**
16 THE HOLDERS OF THE TERWIN               | **ORDER AND PRELIMINARY**
   MORTGAGE TRUST 2006-9HGA, ASSET-        | **INJUNCTION**
17 BACKED CERTIFICATES, TMTS SERIES
18 2006-9HGA, an entity of unknown form;
   AXIS MORTGAGE & INVESTMENT, an
19 entity of unknown form; AXIS MORTGAGE
   & INVESTMENTS, LLC, a Arizona Limited
20 Liability Company; BILTMORE BANK OF
   ARIZONA, a banking institution; CHASE
21 HOME FINANCE LLC, a Delaware Limited
   Liability Company; REGIONAL TRUSTEE
22 SERVICES CORPORATION, a Washington
   Corporation; and DOES 1-10, inclusive,
23

24        Defendant(s).

25

26

FILED

'2008 AUG -4 PM 3:35

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

ORIGINAL



1    PLAINTIFFS, Aaron Walker and Yolonda Walker ("Plaintiffs") submit this points and

2    authorities in support of their Application For Temporary Restraining Order ("TRO") and Preliminary

3    Injunction.

4    ## I. FACTUAL BACKGROUND

5    In 2005, Plaintiffs purchased Plaintiffs' residence. Shortly before July 2006, Plaintiffs

6    sought to refinance their residence located at 7869 Bloomfield Road, San Diego, California 92114

7    (hereinafter "Plaintiffs' Residence or the "Property"). Pursuant to a referral, Plaintiffs began working

8    with Lordsman, Inc. to obtain a refinance loan(s) of Plaintiffs' residence.

9

10    On July 12, 2006, a notary public arrived at Plaintiffs' residence with loan documents

11    that needed to be signed and notarized. Plaintiffs sat down with the notary public and as the notary

12    public flipped through the pages of the loan transaction documents, Plaintiffs signed where they were

13    told to sign and the notary public notarized documents that required notarization. The documents

14    signed by Plaintiffs consummated a consumer credit transaction ("Transaction") to refinance

15    Plaintiffs' Residence through a promissory note between Plaintiff Aaron Walker and defendant Axis

16    Div, in the amount of Four Hundred Twelve Thousand Dollars ($412,000.00), secured by a first deed

17    of trust on Plaintiffs' Residence (the "Loan"). The purpose of the Transaction was primarily personal,

18    family and household in that it paid off the existing mortgages held by EMC Mortgage.    The

19    Transaction was subject to a finance charge and was payable by written agreement in more than four

20    installments. At the time of consummation of the Transaction, Plaintiffs owned the Real Property and

21    were both on title.

22

23    Plaintiffs, in the course of the Transaction, signed numerous Transaction documents,

24    which were dated July 11, 2006. Immediately after Plaintiffs signed the Transaction documents, the

25    signed Transaction documents were taken by the notary public and Plaintiffs were given another

26

1   packet of documents and were told that the packet of documents were copies of the Transaction

2   documents Plaintiffs had just signed. Plaintiffs did not receive certain required Transaction

3   documents, including but not limited to two copies each of the notice of right to cancel. Instead,

4   Plaintiffs together received a total of two copies of a Notice of Right To Cancel for Aaron Walker and

5   no copies of a Notice of Right To Cancel for Yolonda Walker. *Declaration of Aaron Walker ("Aaron*

6   *Decl."),* para. 5 and Exhibits "A-AW" and "B-AW"; *Declaration of Yolonda Walker ("Yolonda*

7   *Decl."),* para. 5.

8

9           Through the Transaction documents Axis Div represented to Plaintiffs that their

10  monthly payment for the Loan, which included principal, interest, taxes and insurance would be

11  $2,810.86 (the "false amount").   Said representation by Axis Div was false.  Axis Div knew said

12  representation was false and made said representation to deceive Plaintiffs and entice Plaintiffs to

13  consummate the Transaction.  Plaintiffs relied on Axis Div's false representations and but for said

14  representations would not have consummated the Transaction.

15          After July 12, 2006, but before May 29, 2007, defendant Chase Home Finance LLC

16  ("Chase") began servicing the Loan.   On or about May 29, 2007, nearly 10 months after

17  consummating the Transaction, Plaintiffs were informed and discovered for the first time that the true

18  monthly payment for the Loan, which included interest only, taxes and insurance was $3,183.66.

19  Since Plaintiffs had paid the false amount for nearly 10 months, Plaintiff were required to pay a new

20  monthly payment of $3,331.57 for the Loan, which included interest only, taxes and insurance

21  effective 07/01/07. Plaintiffs were unable to afford the increased new monthly payment and became

22  behind on their payments for the Loan.

23          In February 2008, Plaintiffs were informed that the servicing for the Loan had been

24  transferred from defendant Chase to defendant Specialized Loan Servicing ("SLS").

25

26

1         On March 5, 2008, Plaintiffs, though their counsel, sent via First Class Certified U.S.

2  mail, a Qualified Written Request ("QWR") to defendants Chase and SLS.

3         Despite having knowledge that the Loan was disputed and being instructed to direct

4  all communicate to Plaintiffs' attorney only, on or about March 12, 2008 and again on or about March

5  13, 2008, defendant SLS communicated directly with Plaintiff Aaron Walker by sending him two

6  NOTICE OF INTENT TO FORECLOSE letters.

7         On March 19, 2008, after acknowledging receipt of Plaintiffs' authorization to discuss

8  the Loan with Plaintiffs' counsel, Chase responded to the QWR by requiring Plaintiffs to pay for

9  information requested in the QWR.   More than 60 days have elapsed from the date Chase received

10  Plaintiffs' QWR and Chase has failed and refused to provide a written explanation or clarification to

11  the QWR as required by 12 U.S.C. §2605.

12

13         On April 17, 2008, a foreclosure proceeding was begun against Plaintiffs' Residence

14  by the recording of a Notice of Default in the office of the County Recorder.

15         On May 29, 2008, June 27, 2008 and July 31, 2008, pursuant to 15 U.S.C. §1635,

16  Plaintiffs rescinded the Transaction by sending the notice (Rescission Notice) required by Regulation

17  Z.  *Declaration of Deborah L. Raymond ("Raymond Decl.")*, Exhibits "A-TRO", "B-TRO", "C-

18  TRO".

19

20         More than twenty (20) days has elapsed from the date that defendants Deutsche and

21  SLS received the notice of rescission, and defendants Deutsche and SLS have failed and refused, and

22  continue to fail and refuse, to perform any of the acts required by 15 U.S.C. §1635(b).  Even though

23  defendants Deutsche and SLS are aware of the rescission, contrary to complying the requirements of

24  TILA, have willfully and intentionally proceeded to immediately foreclose upon Plaintiffs' residence

25  by **scheduling a trustee's sale for August 8, 2008.**

26

1    In a letter dated July 21, 2008, defendant Chase acknowledged that defendant Deutsche

2    was in receipt of the June 27, 2008 Rescission Notice and that additional time was need for defendants

3    to review Plaintiffs' file. *Raymond Decl.*, para. 5 and Exhibit "D-TRO". Despite the fact that

4    defendants Chase and Deutsche are reviewing Plaintiffs file regarding issues raised by Plaintiffs'

5    Rescission Notice, defendants Deutsche and SLS have continued their willful attempt to foreclose

6    upon Plaintiffs' Residence. **Only the issuance of a TRO, and then an injunction will prevent the**

7    **imminent foreclosure sale of Plaintiffs' residence and give Plaintiffs the opportunity to be heard**

8    **on the merits**.

9

10    On August 4, 2008, Plaintiffs' attorney contacted defendants Chase and SLS in an

11    attempt to postpone the sale while issues relating to Plaintiffs' rescission were addressed. *Raymond*

12    *Decl.*, para. 6.   On August 4, 2008, Plaintiffs filed herewith the above entitled Complaint, which

13    contains a request to enjoin defendant Deutsche during the pendency of this action, and permanently

14    thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on Plaintiffs'

15    residence, from recording any deeds or mortgages regarding Plaintiffs' residence or from otherwise

16    taking any steps to deprive Plaintiffs of ownership of Plaintiffs' residence.

17

**II. ARGUMENT**

18

19    The purpose of a TRO is to preserve the status quo pending a full hearing on a

20    preliminary injunction. *Bronco Wine Company v. United States Department of Treasury*, 997 F. Supp.

21    1309, 1313 (E.D. Cal. 1996).   A party seeking a TRO must satisfy the same test required for the

22    issuance of a preliminary injunction. *Id.*   A party seeking preliminary injunctive relief under Federal

23    Rule of Civil Procedure 65 must show (1) a likelihood of success on the merits, (2) a significant threat

24    of irreparable harm, (3) that the balance of hardships favor the applicant, and (4) whether any public

25    interest favors granting an injunction. *Raich v. Ashcroft*, 352 F.3d 1222, 1227 (9th Cir. 2003)(citing

26

1  *Dollar Rent A Car of Wash. Inc. v. Travelers Indem. Co.*, 774 F.2d 1371, 1374 (9th Cir. 1985)) *vacated*

2  *and remanded on other grounds* by *Gonzalez v. Raich* 545 U.S. 1 (2005).

3  **A. THE MERITS OF PLAINTIFF'S CLAIMS**

4  TILA and Reg Z contain detailed disclosure requirements for consumer loans.  A

5  creditor's violation of TILA allows the borrower to rescind a consumer loan secured by the borrower's

6  primary dwelling. *Semar v. Platte Valley Federal Savings & Loan Association*, 791 F.2d 699, 703-

7  704 (9th Cir. 1986).  Technical or minor violations of TILA or Reg Z, as well as major violations,

8  impose liability on the creditor and entitle the borrower to rescind. *Id.*  To insure that the consumer

9  is protected ....[TILA and Reg Z must] be absolutely complied with and strictly enforced.  *Id.*

10

11  **a. TILA VIOLATIONS**

12  Under TILA, certain documents, including but not limited to two Notices of Right to

13  Cancel were required to be delivered in a timely manner to each of the Plaintiffs, in a form that they

14  could keep.  15 U.S.C. § 1635; Reg. Z, 226.15, 226.17.

15  Plaintiffs did not receive two Notices of Right to Cancel each.  Instead, Plaintiffs

16  together received a total of two copies of a Notice of Right To Cancel for Aaron Walker and no copies

17  of a Notice of Right To Cancel for Yolonda Walker. *Aaron Decl.*, para. 5 and Exhibits "A-AW" and

18  "B-AW"; *Yolonda Decl.*, para.5.

19  The failure to provide the correct number of copies of the Notice of Right to Cancel

20  to each of the Plaintiffs was a violation of TILA, which gave Plaintiffs the extended three year right

21  of rescission as provided in TILA at 15 U.S.C. §1635 and Reg. Z, 226.15.  *Id.; Semar v. Platte Valley*

22  *Federal Savings & Loan Association*, 791 F.2d 699, 703-704 (9th Cir. 1986).

23  Plaintiffs exercised their right of rescission within three years.  Therefore, the security

24  interest upon which the Defendants' are basing their foreclosure sale is void.

25

26  **b. THE EFFECT OF RESCISSION IS THAT NO VALID SECURITY INTEREST EXISTS**

**UPON WHICH DEFENDANTS CAN MAINTAIN THEIR FORECLOSURE ACTION**

TILA and Reg Z specifically describe the steps that must occur and their timing once a consumer rescinds. 15 U.S.C. §1635(b); Reg Z 226.23(d).

Step 1: Upon rescission by a consumer, the security interest (in this case **the deed of trust) is automatically void** and the consumer owes no finance or other "charges". "Other" charges include any closing costs even if they were paid to a third party. Reg Z, Official Staff Commentary, 226.23(d)(2)-1.

Step 2: Within 20 days of receipt of a consumer's notice of rescission, the creditor shall return to the consumer any money or property given by the consumer and shall take any action necessary or appropriate to reflect the termination of the security interest.

Step 3: Once the creditor performs its obligations, the consumer must tender the balance due to the creditor.

Step 4: If the creditor does not take possession of the property within 20 days after tender by the consumer, ownership in the property vests in the consumer.

Plaintiffs mailed their notice of rescission to defendant SLS on May 29, 2008, to defendant Deutsche on June 27, 2008, and to defendant Axis Div on July 31, 2008. Under the statutory scheme, the deed of trust against Plaintiffs' residence is void and defendant Deutsche had 20 days from the date of rescission to release the deed of trust.

The deed of trust that defendant Deutsche has based its foreclosure action upon is void and unenforceable. **Yet, defendant Deutsche and SLS have scheduled a sale date of Plaintiffs' residence for August 8, 2008.**

**B. PLAINTIFFS' WILL SUFFER IRREPARABLE HARM IF INJUNCTIVE RELIEF NOT GRANTED**

**a. Loss of Personal Residence Is Irreparable Harm**

1    Defendants Deutsche and SLS are attempting to foreclose upon Plaintiffs' personal

2    residence.  If injunctive relief is not granted, Plaintiffs will suffer the irreparable harm of their home

3    being sold and potentially lost to them forever.  Plaintiffs' home is unique and if it is sold to a bona

4    fide purchaser, Plaintiffs will be unable purchase the exact same home anywhere else.  In addition,

5    if defendants' foreclosure sale were permitted to happen, Plaintiffs and their four children would be

6    forced to move from their home, and it would subject them to the irreparable harm of public

7    humiliation and loss of reputation in the community in which the live and work.  *Aaron Decl.*, para.

8    10; *Yolonda Decl.*, para. 10.  If foreclosed upon, Plaintiffs would not know where their family would

9    live and could be out on the streets.  *Yolonda Decl.*, para. 10.

10

11    The imminent foreclosure of Plaintiff's residence presents a threat of irreparable harm.

12    *See, Avila v. Stearns Lending, Inc.*, 2008 WL 1378231, at *3 (C.D. Cal. April 7, 2008); *see also*,

13    *Wrobel v. S.L. Pope & Associates*, 2007 WL 2345036, at *1 (S.D. Cal. June 15, 2007); *Nichols v.*

14    *Deutsche Bank Nat. Trust Co.*, 2007 WL 4181111, at *3 (S.D. Cal. Nov. 21, 2007).

15    **b. Deprivation of TILA Rights Is Irreparable Harm**

16    Permitting defendants to proceed with the foreclosure sale of Plaintiffs' residence could

17    extinguish Plaintiffs' right of rescission and their claims against defendants.

18

19    TILA provides that the right of rescission is extinguished upon the transfer of the

20    property. Reg. Z 226.23(a)(3); Reg Z, *Official Staff Commentary*, 226.23(a)(3).  "A sale or transfer

21    of the property need not be voluntary to terminate the right to rescind." Reg Z, *Official Staff*

22    *Commentary*, 226.23(a)(3).  "For example, a foreclosure sale would terminate an unexpired right to

23    rescind." *Id.*

24    If Defendants are not enjoined from selling Plaintiffs' residence by foreclosure sale,

25    Plaintiffs may suffer the irreparable harm of losing their TILA rights.  If Plaintiffs prove violations

26    of TILA, that they had the right to rescind, and that they suffered damages from defendants' violations

1  of TILA, Plaintiffs could be left with no remedy. Furthermore, failing to enjoin defendants would lead

2  to Defendants being rewarded for disregarding Plaintiffs' rights.

3       Allowing defendants to proceed with the foreclosure sale and extinguish Plaintiffs'

4  rights under TILA, could have far reaching ramifications, such as the negative effect of encouraging

5  creditors to disregard Notices of Rescission from borrowers and immediately proceed to foreclosure

6  in a race to sell the property at a Trustee's sale before the borrower could effectuate his rescission

7  rights through the court process.

8

9       Based on the forgoing, if defendants are not enjoined, Plaintiffs will suffer irreparable

10  harm from the loss of their personal residence and from the possible loss of their rights under TILA

11  for which they will have no adequate remedy.

12  **C. THE BALANCE OF THE HARDSHIPS FAVORS PLAINTIFFS**

13       The irreparable harm Plaintiffs will suffer if their residence is sold through foreclosure

14  far outweighs any harm to defendants. If the foreclosure sale is permitted to happen and Plaintiffs

15  could have ultimately succeeded on the merits of their claims, Plaintiffs will have suffered irreparable

16  harm. However, if Plaintiffs do not succeed on their claims, defendants would be free to continue

17  with their foreclosure sale of Plaintiffs' residence.

18

19       Thus, if Plaintiffs do not prevail on their claims, defendants will have ultimately lost

20  nothing in affording Plaintiffs the opportunity to have their claims adjudicated.

21  **D. PUBLIC INTEREST FAVORS GRANTING INJUNCTION**

22       The public interest will certainly be served by the issuance of injunctive relief in this

23  case. To allow the foreclosure sale of Plaintiffs' home without first determining the validity of the

24  underlying deed of trust undermines public interest. The documents given to Plaintiffs' at the

25  consummation of the loan, along with Plaintiffs' notice of rescission received by defendants Deutsche

26  and SLS raise serious doubts as to the validity of the deed of trust that is the subject of the foreclosure

proceedings.  To allow the foreclosure proceeding to go any further will not only be a gross injustice, but will violate all notions of public policy as well as frustrating the clearly expressed intent of Congress in providing for the rescission remedy in TILA.

**E. NO ADDITIONAL SECURITY SHOULD BE REQUIRED FROM PLAINTIFFS**

Rule 65(c) requires that in order for a restraining order or preliminary injunction to be issued, a security must be given by the applicant, in such sum as the court deems proper. FRCP 65(c). Defendants have not removed the security interest, i.e., deeds of trust from Plaintiffs' residence, and continue to maintain said interest in Plaintiffs' residence.  In addition, Plaintiffs have a high likelihood of success on the merits, which tips in favor of minimal or no bond at all.  *Van De Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1326 (9th Cir. 1985).

Plaintiffs request that the Court find that the deed of trust, which defendants have failed and refused to remove, and continue to maintain is sufficient security to meet the requirements of FRCP 65(c) and no additional security will be required from Plaintiffs.

### III. CONCLUSION

Plaintiffs respectfully submit that they have shown that a TRO, and then, a preliminary injunction should issue because while comparatively great harm may result from withholding this relief, little injury will flow from granting it.  Further, Plaintiffs respectfully submit on its face, Plaintiffs' case has sufficient merit to support a finding that the status quo should be preserved until the controversy can be disposed of on the merits.

Plaintiffs request that the Court grant the TRO and then the preliminary injunction to restrain and enjoin defendants, their agents, assigns, employees, officers, attorneys, and representatives and those in active concert or participation with defendants or them, pending trial of this action, from engaging in or performing any act to deprive Plaintiffs of their ownership and/or possession of the real property located at  7869 Bloomfield Road, San Diego, California 92114, including but not limited

Walker et al.  v. Specialized Loan Servicing, LLC et al.
Case No.                                                                9

Plaintiffs' Memorandum of Point & Authorities
In Support of Application For TRO/PI

1   to instituting, prosecuting, or maintaining foreclosure or sale proceedings on Plaintiffs' residence,

2   from recording any deeds or mortgages regarding Plaintiffs' residence or from otherwise taking any

3   steps whatsoever to deprive Plaintiffs of ownership and/or possession in Plaintiffs' residence, and **in**

4   **particular from proceeding with the sale of Plaintiffs' residence scheduled for August 8, 2008.**

5   Date: August 4, 2008

6

7   _Deborah L. Raymond_

8   Deborah L. Raymond, Esq.
    Attorney for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1 | LAW OFFICES OF DEBORAH L. RAYMOND
Deborah L. Raymond, SBN 173528

2 | 445 Marine View Avenue, Suite 305
Del Mar, CA 92014

3 | (858) 481-9559

**FILED**

2008 AUG -4  PM 3: 35

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

4 | Attorney For Plaintiffs, AARON WALKER and YOLONDA WALKER

BY ____NMW____ DEPUTY

8 |                    UNITED STATES DISTRICT COURT
9 |                    SOUTHERN DISTRICT OF CALIFORNIA

10 |

11 | AARON  WALKER,  an  individual;
YOLONDA WALKER, an individual,

Case No.

**'08 CV 1 4 1 1  H  NLS**

12 |
          Plaintiffs,

13 | vs.

14 | SPECIALIZED LOAN SERVICING, LLC, a
Delaware  Limited  Liability  Company;

**DECLARATION OF PLAINTIFF**

15 | DEUTSCHE BANK NATIONAL TRUST
COMPANY, as TRUSTEE ON BEHALF OF

**YOLONDA WALKER IN SUPPORT OF**
**PLAINTIFFS' APPLICATION**

16 | THE  HOLDERS  OF  THE  TERWIN
MORTGAGE TRUST 2006-9HGA, ASSET-

**FOR TEMPORARY RESTRAINING**
**ORDER AND PRELIMINARY**

17 | BACKED CERTIFICATES, TMTS SERIES
2006-9HGA, an entity of unknown form;

**INJUNCTION**

18 | AXIS MORTGAGE & INVESTMENT, an
entity of unknown form; AXIS MORTGAGE

19 | & INVESTMENTS, LLC, a Arizona Limited
Liability Company; BILTMORE BANK OF

20 | ARIZONA, a banking institution; CHASE
HOME FINANCE LLC, a Delaware Limited

21 | Liability Company; REGIONAL TRUSTEE
SERVICES CORPORATION, a Washington

22 | Corporation; and DOES 1-10, inclusive,

23 |

24 |           Defendant(s).

25 |

26 |

**ORIGINAL**

Walker et al.  v. Specialized Loan Servicing, LLC et al.
Case No.                                                                    1

Declaration of Yolonda Walker In Support of
Application for TRO/PI

I, YOLONDA WALKER hereby declare:

1. I am a Plaintiff in the above entitled action.

2. I have personal knowledge of all things stated in this declaration except as to those things stated on information and belief, and as to those things, I believe them to be true. I could testify competently to these things if called to as a witness in court.

3. In 2005, my husband, Aaron Walker, and I purchased our home located at 7869 Bloomfield Road, San Diego, California 92114 ("our residence"). Shortly before July 2006, my husband and I sought to refinance our home. We began working with Lordsman, Inc. to obtain a refinance of our residence.

4. On July 12, 2006, a notary public came to our residence with loan papers that needed to be signed and notarized. My husband and I sat down at the table with the notary public and as the notary public flipped through the pages of the loan papers, my husband and I signed where we were told to sign and the notary public notarized some of the loan papers. The purpose of the refinance was to pay off two existing mortgages with EMC Mortgage, a car loan, and to get some cash out to make some improvements to our residence.

5. On July 12, 2006, immediately after my husband and I signed the loan documents, the signed documents were taken by the notary public and we were given another packet of documents and were told that the packet of documents were copies of the documents that we just signed. My husband and I did not receive two copies each of the notice of right to cancel. Instead, we together received a total of two copies of a Notice of Right To Cancel for my husband and no copies of a Notice of Right To Cancel for me. A copy of the only two copies of the Notice of Right to Cancel that we received are attached to my husband's declaration as Exhibits "A-AW" and "B-AW".

6. The loan documents that we signed represented that the monthly payment for the first loan, which included principal, interest, taxes and insurance, would be $2,810.86. I believed that

Walker et al. v. Specialized Loan Servicing, LLC et al.
Case No.                                                          2                    Declaration of Yolonda Walker In Support of
                                                                                                 Application for TRO/PI

representation to be true and relied upon that representation when I agreed to sign the loan papers. About 10 months later I learned that the monthly payments of $2,810.86 was false and that the monthly payment for the first loan was much higher. Since we had paid the incorrect amount for over 10 months, Chase required my husband to now pay $3.331.57 per month for the first loan. Although we had been able to make the monthly payment of $2,810.86, due to the increase in the amount, we were unable to make the payments and we fell behind.

7. In April 2008, I was informed that a Notice of Default was recorded against our residence.

8. In May 2008, I signed a statement of my wish to cancel the loan transaction.

9. At the end of July 2008, despite the fact that the statement I signed to cancel the loan had been received by defendants, I was informed that a Notice of Trustee's Sale had been recorded against our residence. The Notice of Trustee's Sale states that a sale date for our residence is scheduled for August 8, 2008.

10. I do not want to lose our home. If defendants sell our home through foreclosure, I believe that our home will be lost to me, my husband and our four children forever. Our home is unique and my husband and I have made it a comfortable place for ourselves and our four children to live. If we are forced out of our residence, I do not know where we will live. If defendants are permitted to foreclose and I am forced to leave our home, it will subject me to humiliation and loss of reputation in my community and among my family, friends, and co-workers.

11. I respectfully request that the Court preserve the status quo and grant our request

////

////

////

////

Walker et al. v. Specialized Loan Servicing, LLC et al.
Case No.                                        3                  Declaration of Yolonda Walker In Support of
                                                                    Application for TRO/PI

1   for a Temporary Restraining Order and then, a preliminary injunction to prevent defendants from

2   foreclosing and selling our home before our claims are heard by the Court.

3           I declare under penalty of perjury that the foregoing is true and correct to the best of

4   my knowledge.  Executed this 4th day of August 2008, at San Diego, California.

5

6

7

8                                                      _____

9                                                      YOLONDA WALKER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    LAW OFFICES OF DEBORAH L. RAYMOND
      Deborah L. Raymond, SBN 173528
2    445 Marine View Avenue, Suite 305
      Del Mar, CA 92014
3    (858) 481-9559

4    Attorney For Plaintiffs, AARON WALKER and YOLONDA WALKER

5

6

7

8                   UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF CALIFORNIA
9

10

11    AARON WALKER, an individual;     Case No. **'08 CV 1411 H NLS**
      YOLONDA WALKER, an individual,

12

13         Plaintiffs,

      vs.

14    SPECIALIZED LOAN SERVICING, LLC, a    **DECLARATION OF PLAINTIFF AARON**
      Delaware Limited Liability Company;     **WALKER IN SUPPORT OF PLAINTIFFS'**
15    DEUTSCHE BANK NATIONAL TRUST    **APPLICATION FOR TEMPORARY**
      COMPANY, as TRUSTEE ON BEHALF OF    **RESTRAINING ORDER AND**
16    THE HOLDERS OF THE TERWIN    **PRELIMINARY INJUNCTION**
      MORTGAGE TRUST 2006-9HGA, ASSET-
17    BACKED CERTIFICATES, TMTS SERIES
      2006-9HGA, an entity of unknown form;
18    AXIS MORTGAGE & INVESTMENT, an
      entity of unknown form; AXIS MORTGAGE
19    & INVESTMENTS, LLC, a Arizona Limited
      Liability Company; BILTMORE BANK OF
20    ARIZONA, a banking institution; CHASE
      HOME FINANCE LLC, a Delaware Limited
21    Liability Company; REGIONAL TRUSTEE
      SERVICES CORPORATION, a Washington
22    Corporation; and DOES 1-10, inclusive,

23

24         Defendant(s).

25

26

**FILED**

2008 AUG -4 PM 3:35

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ KNH _____DEPUTY

*ORIGINAL*

I, AARON WALKER hereby declare:

1. I am a Plaintiff in the above entitled action.

2. I have personal knowledge of all things stated in this declaration except as to those things stated on information and belief, and as to those things, I believe them to be true. I could testify competently to these things if called to as a witness in court.

3. In 2005, my wife, Yolonda Walker, and I purchased our home located at 7869 Bloomfield Road, San Diego, California 92114 ("our residence"). Shortly before July 2006, my wife and I sought to refinance our home. We began working with Lordsman, Inc. to obtain a refinance of our residence.

4. On July 12, 2006, a notary public came to our residence with loan papers that needed to be signed and notarized. My wife and I sat down at the table with the notary public and as the notary public flipped through the pages of the loan papers, my wife and I signed where we were told to sign and the notary public notarized some of the loan papers. The purpose of the refinance was to pay off two existing mortgages with EMC Mortgage, a car loan, and to get some cash out to make some improvements to our residence.

5. On July 12, 2006, immediately after my wife and I signed the loan documents, the signed documents were taken by the notary public and we were given another packet of documents and were told that the packet of documents were copies of the documents that we just signed. My wife and I did not receive two copies each of the notice of right to cancel. Instead, we together received a total of two copies of a Notice of Right To Cancel for me and no copies of a Notice of Right To Cancel for my wife. A copy of the only two copies of the Notice of Right to Cancel are herein attached and incorporated by reference as Exhibits "A-AW" and "B-AW".

6. The loan documents that we signed represented that the monthly payment for the first loan, which included principal, interest, taxes and insurance, would be $2,810.86. I believed that

Walker et al. v. Specialized Loan Servicing, LLC et al.
Case No.                                    2                    Declaration of Aaron Walker In Support of
                                                                Application for TRO/PI

representation to be true and relied upon that representation when I agreed to sign for the loan. About 10 months later I learned that the monthly payments of $2,810.86 was false and that my monthly payment for the first loan was much higher. Since we had paid the incorrect amount for over 10 months, Chase required me to now pay $3.331.57 per month for the first loan. Although we had been able to make the monthly payment of $2,810.86, due to the increase in the amount, we were unable to make the payments and we fell behind.

7. In April 2008, I was informed that a Notice of Default was recorded against our residence.

8. In May 2008, I signed a statement of my wish to cancel the loan transaction.

9. At the end of July 2008, despite the fact that the statement I signed to cancel the loan had been received by defendants, I was informed that a Notice of Trustee's Sale had been recorded against our residence. The Notice of Trustee's Sale states that a sale date for our residence is scheduled for August 8, 2008.   A copy of the Notice of Trustee's Sale is herein attached and incorporated by reference as Exhibit "C-AW".

10. I do not want to lose our home. If defendants sell our home through foreclosure, I believe that our home will be lost to me, my wife and our four children forever. Our home is unique and my wife and I have made it a comfortable place for ourselves and our four children to live. I do not believe that we will be able to purchase the exact same home anywhere else. Although I have lived in San Diego for several years, this is the first home we have ever bought. San Diego is a community in which I live and work. If defendants are permitted to foreclose and I am forced to leave our home, it will subject me to humiliation and loss of reputation in my community and among my family, friends, and co-workers.

11. I respectfully request that the Court preserve the status quo and grant our request for a Temporary Restraining Order and then, a preliminary injunction to prevent defendants from

Walker et al.  v. Specialized Loan Servicing, LLC et al.
Case No.                                                                3                       Declaration of Aaron Walker In Support of
                                                                                                       Application for TRO/PI

1    foreclosing and selling our home before our claims are heard by the Court.

2       I declare under penalty of perjury that the foregoing is true and correct to the best of

3    my knowledge. Executed this 4th day of August 2008, at San Diego, California.

4

5

6

7               _____

           AARON WALKER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# NOTICE OF RIGHT TO CANCEL

Loan Number: 2301597312

Borrowers: AARON WALKER

Property Address: 7869 BLOOMFIELD ROAD, SAN DIEGO, CALIFORNIA 92114

---

**YOUR RIGHT TO CANCEL**

You are entering into a transaction that will result in a mortgage, lien or security interest on or in your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

1. the date of the transaction, which is    JUL 1 2 2006                    ; or
2. the date you receive your Truth in Lending disclosures; or
3. the date you receive this notice of your right to cancel.

If you cancel the transaction, the mortgage, lien or security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage, lien or security interest on or in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing, at
AXIS MORTGAGE & INVESTMENTS, A DIVISION OF THE BILTMORE BANK OF ARIZONA
1201 S. ALMA SCHOOL RD., SUITE 3700
MESA, ARIZONA 85210

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of  JUL 1 5 2006
(or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL.**

_____          _____
Consumer's Signature                      Date
AARON WALKER

---

**ACKNOWLEDGMENT OF RECEIPT**

EACH OF THE UNDERSIGNED HEREBY ACKNOWLEDGES THE RECEIPT OF TWO (2) COMPLETED COPIES OF THIS NOTICE OF RIGHT TO CANCEL.

THE UNDERSIGNED ENTERS INTO THE EXECUTION OF THIS DOCUMENT SOLELY FOR THE PURPOSE OF PERFECTING NOTE HOLDER'S SECURITY INTEREST IN SUBJECT PROPERTY.

_____          _____
AARON WALKER                              Date

                                          _____          _____
                                          YOLONDA L. WALKER                         DATE

DocMagic *Forms* 800-649-1362
www.docmagic.com

5

EXHIBIT "A-AW"

# NOTICE OF RIGHT TO CANCEL

Loan Number: 2301597312

Borrowers: AARON WALKER

Property Address: 7869 BLOOMFIELD ROAD, SAN DIEGO, CALIFORNIA 92114

---

**YOUR RIGHT TO CANCEL**

You are entering into a transaction that will result in a mortgage, lien or security interest on or in your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

1. the date of the transaction, which is   JUL 1 2 2006                    ; or
2. the date you receive your Truth in Lending disclosures; or
3. the date you receive this notice of your right to cancel.

If you cancel the transaction, the mortgage, lien or security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage, lien or security interest on or in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing, at
AXIS MORTGAGE & INVESTMENTS, A DIVISION OF THE BILTMORE BANK OF ARIZONA
1201 S. ALMA SCHOOL RD., SUITE 3700
MESA, ARIZONA 85210

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of   JUL 1 5 2006
(or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL.**

_____          _____
Consumer's Signature                      Date
AARON WALKER

---

**ACKNOWLEDGMENT OF RECEIPT**

EACH OF THE UNDERSIGNED HEREBY ACKNOWLEDGES THE RECEIPT OF TWO (2) COMPLETED COPIES OF THIS NOTICE OF RIGHT TO CANCEL.

THE UNDERSIGNED ENTERS INTO THE EXECUTION OF THIS DOCUMENT SOLELY FOR THE PURPOSE OF PERFECTING NOTE HOLDER'S SECURITY INTEREST IN SUBJECT PROPERTY.

_____          _____        _____          _____
AARON WALKER                             Date                 YOLONDA L. WALKER                         DATE

DocMagic ℮Forms 800-649-1362
www.docmagic.com

EXHIBIT "B-AW"

RECORDING REQUESTED BY

_____

WHEN RECORDED MAIL TO

**REGIONAL TRUSTEE SERVICES CORPORATION**
616 1st Avenue, Suite 500
Seattle, WA 98104

_____

||I||||| |||||| |||||| ||| |||| |||||| |||| |||||| |||||| ||| ||||| |||||| |||||| ||||| |||| |||| |||| |||

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 7/11/2006.  UNLESS YOU TAKE ACTION TO PROTECT
YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU NEED AN EXPLANATION OF THE NATURE OF
THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

## NOTICE OF TRUSTEE'S SALE
### Trustee's Sale No. 05-FSL-56977

On August 8, 2008, at 10:00 AM, AT THE SOUTH ENTRANCE TO THE COUNTY COURTHOUSE, 220 WEST
BROADWAY, in the City of SAN DIEGO, County of SAN DIEGO, State of CALIFORNIA, REGIONAL SERVICE
CORPORATION, a California corporation, as duly appointed Trustee under that certain Deed of Trust executed by
AARON WALKER, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, as Trustors, recorded on 7/18/2006, as
Instrument No. 2006-0502701,  of Official Records in the office of the Recorder of SAN DIEGO County, State of
CALIFORNIA, under the power of sale therein contained, WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER,
for cash, or cashier's check (payable at the time of sale in lawful money of the United States) without warranty express or
implied as to title, use, possession or encumbrances, all right, title and interest conveyed to and now held by it as such
Trustee, in and to the following described property situated in the aforesaid County and State, to-wit:

TAX PARCEL NO.    581-462-22

From information which the Trustee deems reliable, but for which Trustee makes no representation or warranty, the street
address or other common designation of the above described property is purported to be 7869 BLOOMFIELD ROAD , SAN
DIEGO, CA 92114.

Said property is being sold for the purpose of paying the obligations secured by said Deed of Trust, including fees and
expenses of sale.  The total amount of the unpaid principal balance, interest thereon, together with reasonably estimated
costs, expenses and advances at the time of the initial publication of the Notice of Trustee's Sale is $444,453.16.

Dated:  7/18/2008

REGIONAL SERVICE CORPORATION, Trustee

By_____
KIMBERLEY HICKMAN, AUTHORIZED AGENT
Agent for Trustee:     AGENCY SALES AND POSTING
                       3210 EL CAMINO REAL SUITE 200
                       IRVINE, CA 92602
Telephone Number:      (800) 542-2550
Sale Information:       (714) 259-7850 or http://www.rtrustee.com

CA NOTS

## EXHIBIT "C-AW"

1  LAW OFFICES OF DEBORAH L. RAYMOND
   Deborah L. Raymond, SBN 173528
2  445 Marine View Avenue, Suite 305
   Del Mar, CA 92014
3  (858) 481-9559

4  Attorney For Plaintiffs, AARON WALKER and YOLONDA WALKER

5

6

7

8                    UNITED STATES DISTRICT COURT
9                    SOUTHERN DISTRICT OF CALIFORNIA

10
   AARON    WALKER,    an    individual;      Case No.
11 YOLONDA WALKER, an individual,
                                              '08 CV 1411 H NLS
12
          Plaintiffs,
13 vs.

14 SPECIALIZED LOAN SERVICING, LLC, a         **DECLARATION OF DEBORAH L.**
   Delaware Limited Liability Company;        **RAYMOND, ESQ. IN SUPPORT OF**
15 DEUTSCHE BANK NATIONAL TRUST               **PLAINTIFF'S APPLICATION**
   COMPANY, as TRUSTEE ON BEHALF OF           **FOR TEMPORARY RESTRAINING**
16 THE HOLDERS OF THE TERWIN                  **ORDER AND PRELIMINARY**
   MORTGAGE TRUST 2006-9HGA, ASSET-           **INJUNCTION**
17 BACKED CERTIFICATES, TMTS SERIES
   2006-9HGA, an entity of unknown form;
18 AXIS MORTGAGE & INVESTMENT, an
   entity of unknown form; AXIS MORTGAGE
19 & INVESTMENTS, LLC, a Arizona Limited
   Liability Company; BILTMORE BANK OF
20 ARIZONA, a banking institution; CHASE
   HOME FINANCE LLC, a Delaware Limited
21 Liability Company; REGIONAL TRUSTEE
   SERVICES CORPORATION, a Washington
22 Corporation; and DOES 1-10, inclusive,

23
          Defendant(s).
24

25

26



Walker et al.  v. Specialized Loan Servicing, LLC et al.          Declaration of Deborah L. Raymond In Support of
Case No.                                      1                   Application for TRO/PI



I, DEBORAH L. RAYMOND hereby declare:

1. I am an attorney duly admitted to practice law as a member of the State Bar of California and I am admitted to practices in the Southern District of California and all courts of the State of California. I am a sole practitioner with offices located at 445 Marine View Avenue, Suite 305, Del Mar, California 92014. The following declaration is based upon my personal knowledge such that if called as a witness, I could competently testify thereto.

3. I represent Aaron Walker and Yolonda Walker ("Plaintiffs") regard their claims against Specialized Loan Servicing, LLC ("SLS"); Deutsche Bank National Trust Company, as Trustee on behalf of the Holders of the Terwin Mortgage Trust 2006-9HGA, Asset-Backed Certificates, TMTS Series 2006-9HGA ("Deutsche"); Axis Mortgage & Investment ("Axis Div"); Axis Mortgage & Investments, LLC; Biltmore Bank of Arizona; Chase Home Finance LLC ("Chase"); Regional Trustee Services Corporation ("Defendants") relating to a loan transaction entered into on July 12, 2006, which created a security interest pursuant to a first deed of trust against Plaintiffs' principal residence (the "Transaction").

4. On May 29, 2008, I mailed a Notice of Rescission to defendant SLS. On June 27, 2008, I mailed a Notice of Rescission to defendant Deutsche. A copy of the Notices of Rescission to SLS and Deustsche, along with copies of proof of delivery are attached hereto and incorporated by reference as Exhibits "A-TRO" and "B-TRO". On July 31, 2008, I mailed a Notice of Rescission to defendant Axis Div. A copy of the Notice of Rescission to Axis Div is attached hereto and incorporated by reference as Exhibit "C-TRO."

5. On or about July 21, 2008, I received a Notice of Trustee's Sale for Mr. and Mrs. Walker's home, which indicated that the sale was scheduled for August 8, 2008. Shortly after receiving the Notice of Trustee's Sale, I received a letter dated July 21, 2008 from defendant Chase,

Walker et al. v. Specialized Loan Servicing, LLC et al.
Case No.                                                          2                    Declaration of Deborah L. Raymond In Support of
                                                                                        Application for TRO/PI

1  which stated that defendant Deutsche had forwarded the June 27, 2008 correspondence to Chase and

2  that in order to address the issues that were raised, additional time was required while they review my

3  client's loan file. A copy of the letter that I received from Chase dated July 21, 2008 is attached hereto

4  and incorporated by reference as Exhibit "D-TRO".

5        6.  On August 4, 2008, I telephoned defendants Chase and SLS in an attempt to

6  postpone the sale while issues relating to Plaintiffs' rescission were addressed. I spoke with Irene, and

7  then Aimee at SLS, before being transferred to the voicemail box of a supervisor named Greg Reed.

8  I left Mr. Reed a message to call me back as soon as possible to discuss postponing the foreclosure

9  sale scheduled on my clients' property. I also spoke with Sandra a Chase' Executive Resolution

10  Group. She stated that she need to get more information about who was servicing the loan and would

11  get back to me. I informed her that because of the timing I would need to file an application for a

12  temporary restraining order if I did not hear right back from her. As of the signing of this declaration,

13  I have not heard further from anyone at SLS or Chase.

14

15        7.  Copies of the three cases referenced in the memorandum of points and authorities

16  filed herewith are hereto attached as follows:

17  Exhibit "E-TRO":  *Avila v. Stearns Lending, Inc.*, 2008 WL 1378231 (C.D. Cal. April 7, 2008);

18  Exhibit "F-TRO":  *Wrobel v. S.L. Pope & Associates*, 2007 WL 2345036 (S.D. Cal. June 15, 2007);

19  Exhibit "G-TRO":  *Nichols v. Deutsche Bank Nat. Trust Co.*, 2007 WL 4181111 (S.D. Cal. Nov. 21,

20  2007).

21

22        8.  I respectfully request that this Court issue an immediate TRO, and then a

23  ////

24  ////

25  ////

26

1   Preliminary Injunction to prevent the imminent foreclosure sale of my clients' residence and give my

2   clients the opportunity to have their claims heard on the merits.

3          I declare under penalty of perjury that the foregoing is true and correct to the best of

4   my knowledge.  Executed this 4th day of August 2008, at Del Mar, California.

5

6          *Deborah L Raymond*

7          DEBORAH L. RAYMOND, ESQ.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# Law Offices of Deborah L. Raymond

445 Marine View Avenue, Suite 305
Del Mar, CA 92014
Tel: 858-481-9559
Fax: 858-724-0747

May 29, 2008

<u>SENT VIA FIRST CLASS CERTIFIED U.S. MAIL</u>
Certified Receipt# 7007 1490 0003 2626 3125

S.L.S.
8742 Leucent Blvd., #300
Highland Ranch, CO 80129

`7007 1490 0003 2626 3125`

Re:   Aaron & Yolonda Walker
      SLS Account No. 1002871432
      Chase Loan No. 0023780513
      Property Address: 7869 Bloomfield Road, San Diego, California 92114
      NOTICE OF RESCISSION OF MORTGAGE/LOAN

Dear Sir or Madam:

This office represents Aaron Walker and Yolonda Walker in their claims against Specialized Loan Servicing, LLC and Chase Home Finance LLC, and their assigns, servicers, agents, principals, subsidiaries and/or the holder/owner of the note for the above referenced loan (hereinafter referred to as "Creditor"). Enclosed is a copy of a Letter of Designation And Authorization signed by my client. All further communications must be directed to this office only. The debt associated with the above referenced real estate loan number is hereby disputed.

## NOTICE OF RESCISSION OF MORTGAGE

Consumers, Aaron Walker and Yolonda Walker (hereinafter referred to as "Consumer"), base the following upon the understanding that Creditor is subject to the Truth In Lending Act (hereinafter "TILA"), and hereby exercise his rights under the Truth In Lending Act (15 U.S.C. §1601 et seq.), Regulation Z (12 C.F.R. § 226.1 et seq.), and related statutes and California state laws, which may include, without limitation, RESPA and California Finance Lenders laws, to rescind the above referenced loan. Without limitation, Consumer bases his right to rescind upon

Page 1 of 3

EXHIBIT "A-TRO"

the fact that required disclosures pursuant to 15 USC §1601 et seq. were not provided to the Consumer, including but not limited to, two copies of a Notice of Right To Cancel containing all required information.

We are prepared to discuss a tender obligation, should it arise, and satisfactory ways in which my clients may meet this obligation. Please be advised that if you do not cancel the security interest and return all consideration paid by my client within 20 days of receipt of this letter, you could be responsible for actual and statutory damages pursuant to 15 U.S.C. § 1640(a).

Additionally, pursuant the to 15 U.S.C. § 1641(f)(2), request is hereby made for the name, address, and telephone number of the master servicer, all the mortgage holders, all the note/loan holders, and all the owners of the loan described above. Furthermore, we are awaiting your response to the QUALIFIED WRITTEN REQUEST mailed to you on March 5, 2008.

Demand is hereby made for verification of the alleged debt. Request is also made for an immediate written description of all information, data, or other documentation that you believe would disprove that this loan is in violation of TILA, RESPA, and/or California Finance Lenders laws and subject to rescission.

If you are not currently the holder/owner of the loan, we hereby request that you immediately forward this Notice of Rescission to the holder/owner of the loan or immediately provide this office with the name, address, and telephone number of the current holder/owner of the loan.

**Be advised that any action taken against my clients, including but not limited to any collection actions, any recording of any foreclosure instrument, including any Notice of Trustee's Sale, or any other foreclosure action which violates federal and/or state laws will be construed as willful and malicious actions, and will be extremely injurious to my clients.**

Sincerely,

*Deborah L. Raymond*

Deborah L. Raymond
Attorney for Aaron & Yolonda Walker

Page 2 of 3

EXHIBIT "A-TRO"

**WE HEREBY RESCIND/CANCEL THE LOAN TRANSACTION RELATING TO SPECIALIZED LOAN SERVICING, LLC's ACCOUNT NUMBER 1002871432.** A signed photocopy, PDF, or facsimile of this Rescission/Cancellation shall have the same force and/or effect as a signed original.

Dated: 5/21/08

_____
Aaron Walker

Dated: 5/21/08

_____
Yolonda Walker

Page 3 of 3

7

EXHIBIT "A-TRO"

# Law Offices of Deborah L. Raymond

380 Stevens Avenue, Suite 205
Solana Beach, CA 92075
Tel: 858-481-9559
Fax: 858-724-0747

## LETTER OF DESIGNATION AND AUTHORIZATION

To Whom It May Concern:

Re: Aaron Walker and Yolonda Walker / 7869 Bloomfield Road, San Diego, CA 92114

    Please be advised that I have retained the Law Offices of Deborah L. Raymond to represent my

interests. I hereby authorize the Law Offices of Deborah L. Raymond to represent my interests,

including, but not limited to, communicating, negotiating, and otherwise dealing with my loans,

previously or currently held by Secured Funding Corporation or Axis Mortgage & Investments, A

Division of The Biltmore Bank of Arizona, and all parties associated with said loan, including without

limitation, Chase Home Finance LLC, Lordsman Inc., Lordsman Inc. Escrow Division, Fidelity National

Title, assigns, servicers, creditors, collectors, collection agencies, credit reporting agencies, attorneys, and

all Federal, State, and local government agencies, as may be required in her representation of me. Except,

this authorization does not authorize the Law Offices of Deborah L. Raymond to accept service of any

summons and/or complaint on my behalf.

    Also, by signing below, I authorize any credit reporting agencies, credit reporting bureaus,

collector, creditor, servicers, doctor, chiropractor, hospital, any other healthcare provider, employer,

police agency, government agency, or any other person to whom a signed photocopy or facsimile of this

authorization is delivered, to furnish any information, documents, reports or copies of records which may

be requested by the Law Offices of Deborah L. Raymond.

Date: __12/14/07__          Signed: _____

Date: __12/14/07__          Signed: _____

8

EXHIBIT "A-TRO"


**UNITED STATES POSTAL SERVICE**®

Home | Help

Track & Confirm

# Track & Confirm

### Search Results

Label/Receipt Number: **7007 1490 0003 2626 3125**
Status: **Delivered**

Your item was delivered at 11:13 am on June 02, 2008 in LITTLETON,
CO 80129. A proof of delivery record may be available through your local
Post Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > )  (?)   ( Return to USPS.com Home > )

---

**Track & Confirm**

Enter Label/Receipt Number.

---

Site Map   Contact Us   Forms   Gov't Services   Jobs   Privacy Policy   Terms of Use   National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

EXHIBIT "A-TRO"

# Law Offices of Deborah L. Raymond

445 Marine View Avenue, Suite 305
Del Mar, CA 92014
Tel: 858-481-9559
Fax: 858-724-0747

June 27, 2008

SENT VIA FIRST CLASS CERTIFIED U.S. MAIL
Certified Receipt# 7008 0500 0001 9143 6615

Deutsche Bank National Trust Company          7008 0500 0001 9143 6615
60 Wall Street Mail Stop NYC60-3012
New York, NY 10005-5391

Re:     Aaron & Yolonda Walker
        SLS Account No. 1002871432
        Chase Loan No. 0023780513
        Property Address: 7869 Bloomfield Road, San Diego, California 92114
        NOTICE OF RESCISSION OF MORTGAGE/LOAN HELD BY DEUTSCHE BANK
        NATIONAL TRUST COMPANY, as TRUSTEE ON BEHALF OF THE HOLDERS OF
        THE TERWIN MORTGAGE TRUST 2006-9HGA, ASSET-BACKED CERTIFICATES,
        TMTS SERIES 2006-9HGA

Dear Sir or Madam:

This office represents Aaron Walker and Yolonda Walker in their claims against Deutsche
Bank National Trust Company, as Trustee on behalf of the holders of the Terwin Mortgage Trust
2006-9HGA, Asset-Backed Certificates, TMTS Series 2006-9HGA, Specialized Loan Servicing,
LLC, Chase Home Finance LLC, and their assigns, servicers, agents, principals, subsidiaries and/or
the holder/owner of the note for the above referenced loan (hereinafter referred to as "Creditor").
Enclosed is a copy of a Letter of Designation And Authorization signed by my client. All further
communications must be directed to this office only. The debt associated with the above referenced
loan number(s) is hereby disputed.

## NOTICE OF RESCISSION OF MORTGAGE

Consumers, Aaron Walker and Yolonda Walker (hereinafter referred to as "Consumers"),
base the following upon the understanding that Creditor is subject to the Truth In Lending Act
(hereinafter "TILA"), and hereby exercise their rights under the Truth In Lending Act (15 U.S.C.
§1601 et seq.), Regulation Z (12 C.F.R. § 226.1 et seq.), and related statutes and California state
laws, which may include, without limitation, RESPA and California Finance Lenders laws, to
rescind the above referenced loan. Without limitation, Consumers base their right to rescind upon
the fact that required disclosures pursuant to 15 USC §1601 et seq. were not provided to
Consumers, including but not limited to, two copies of a Notice of Right To Cancel containing all

Page 1 of 3

EXHIBIT "B-TRO"

required information.

We are prepared to discuss a tender obligation, should it arise, and satisfactory ways in which my clients may meet this obligation. Please be advised that if you do not cancel the security interest and return all consideration paid by my clients within 20 days of receipt of this letter, you could be responsible for actual and statutory damages pursuant to 15 U.S.C. § 1640(a).

Demand is hereby made for verification of the alleged debt. Request is also made for an immediate written description of all information, data, or other documentation that you believe would disprove that this loan is in violation of TILA, RESPA, and/or California Finance Lenders laws and subject to rescission.

**Demand is further made for all signed and/or unsigned copies of the following documents relating to the above referenced loan:**

1. **Notice of Right to Cancel;**
2. **HUD-1 Disclosure;**
3. **Truth In Lending Act Disclosures;**
4. **The Entire Note;**
5. **Deed of Trust;**
6. **All riders to any of the above documents;**
7. **Any documents relating to any transfer, sale, or assignment of the note or loan, including but not limited to any pooling and servicing agreement ("PSA");**
8. **A full accounting of the loan transaction, including but not limited to a complete history of all credits, debits, charges, loan disbursements, loan charges, payments made, and current principal balance due;**
9. **The Entire Loan Application File; and**
10. **All correspondence.**

If you are not currently the holder/owner of the loan, we hereby request that you immediately forward this Notice of Rescission to the holder/owner of the loan or immediately provide this office with the name, address, and telephone number of the current holder/owner of the loan.

**Be advised that any action taken against my clients, including but not limited to any collection actions, any recording of any foreclosure instrument, including any Notice of Trustee's Sale, or any other foreclosure action which violates federal and/or state laws will be construed as willful and malicious actions, and will be extremely injurious to my clients.**

Sincerely,

Deborah L. Raymond
Attorney for Aaron & Yolonda Walker

cc: S.L.S., 8742 Leucent Blvd., #300, Highland Ranch, CO 80129 (1st Class U.S. Mail Only)

Page 2 of 3

EXHIBIT "B-TRO"

**WE HEREBY RESCIND/CANCEL THE LOAN TRANSACTION RELATING TO SPECIALIZED LOAN SERVICING, LLC's ACCOUNT NUMBER 1002871432.** A signed photocopy, PDF, or facsimile of this Rescission/Cancellation shall have the same force and/or effect as a signed original.

Dated: 5/21/08

_____
Aaron Walker

Dated: 5/21/08

_____
Yolonda Walker

Page 3 of 3

EXHIBIT "B-TRO"

# Law Offices of Deborah L. Raymond
380 Stevens Avenue, Suite 205
Solana Beach, CA 92075
Tel: 858-481-9559
Fax: 858-724-0747

## LETTER OF DESIGNATION AND AUTHORIZATION

To Whom It May Concern:

Re: Aaron Walker and Yolonda Walker / 7869 Bloomfield Road, San Diego, CA 92114

Please be advised that I have retained the Law Offices of Deborah L. Raymond to represent my

interests. I hereby authorize the Law Offices of Deborah L. Raymond to represent my interests,

including, but not limited to, communicating, negotiating, and otherwise dealing with my loans,

previously or currently held by Secured Funding Corporation or Axis Mortgage & Investments, A

Division of The Biltmore Bank of Arizona, and all parties associated with said loan, including without

limitation, Chase Home Finance LLC, Lordsman Inc., Lordsman Inc. Escrow Division, Fidelity National

Title, assigns, servicers, creditors, collectors, collection agencies, credit reporting agencies, attorneys, and

all Federal, State, and local government agencies, as may be required in her representation of me. Except,

this authorization does not authorize the Law Offices of Deborah L. Raymond to accept service of any

summons and/or complaint on my behalf.

Also, by signing below, I authorize any credit reporting agencies, credit reporting bureaus,

collector, creditor, servicers, doctor, chiropractor, hospital, any other healthcare provider, employer,

police agency, government agency, or any other person to whom a signed photocopy or facsimile of this

authorization is delivered, to furnish any information, documents, reports or copies of records which may

be requested by the Law Offices of Deborah L. Raymond.

Date: 12/14/07        Signed: _____

Date: 12/14/07        Signed: _____

13                                    EXHIBIT "B-TRO"


**UNITED STATES**
**POSTAL SERVICE**®

Home | Help

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: **7008 0500 0001 9143 6615**
Status: **Delivered**

Your item was delivered at 1:42 PM on July 9, 2008 in NEW YORK, NY 10268.

( Additional Details > )    ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

[                    ]

## Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.  ( Go > )

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

**EXHIBIT "B-TRO"**

8/1/2008

# Law Offices of Deborah L. Raymond

445 Marine View Avenue, Suite 305
Del Mar, CA 92014
Tel: 858-481-9559
Fax: 858-724-0747

July 31, 2008

<u>SENT VIA FIRST CLASS CERTIFIED U.S. MAIL</u>
Certified Receipt# 7008 0500 0002 1709 8797

7008 0500 0002 1709 8797

AXIS MORTGAGE & INVESTMENT,
A DIVISION OF THE BILTMORE BANK OF ARIZONA
1201 S. ALMA SCHOOL RD., SUITE 3700
MESA, ARIZONA 85210

Re:   Aaron & Yolonda Walker
      Original Loan No. 2301597312
      SLS Account No. 1002871432
      Chase Loan No. 0023780513
      Property Address: 7869 Bloomfield Road, San Diego, California 92114
      NOTICE OF RESCISSION OF MORTGAGE/LOAN PREVIOUSLY HELD BY AXIS
      MORTGAGE & INVESTMENTS and CURRENTLY HELD BY DEUTSCHE BANK
      NATIONAL TRUST COMPANY, as TRUSTEE ON BEHALF OF THE HOLDERS OF
      THE TERWIN MORTGAGE TRUST 2006-9HGA, ASSET-BACKED CERTIFICATES,
      TMTS SERIES 2006-9HGA

Dear Sir or Madam:

This office represents Aaron Walker and Yolonda Walker in their claims relating to the above referenced loan transaction. Enclosed is a copy of a Letter of Designation And Authorization signed by my client. All further communications must be directed to this office only. The debt associated with the above referenced loan number(s) is hereby disputed.

## NOTICE OF RESCISSION OF MORTGAGE

Consumers, Aaron Walker and Yolonda Walker (hereinafter referred to as "Consumers"), base the following upon the understanding that Creditor is subject to the Truth In Lending Act (hereinafter "TILA"), and hereby exercise their rights under the Truth In Lending Act (15 U.S.C. §1601 et seq.), Regulation Z (12 C.F.R. § 226.1 et seq.), and related statutes and California state laws, which may include, without limitation, RESPA and California Finance Lenders laws, to rescind the above referenced loan. Without limitation, Consumers base their right to rescind upon the fact that required disclosures pursuant to 15 USC §1601 et seq. were not provided to Consumers, including but not limited to, four copies of a Notice of Right To Cancel containing all required information.

Page 1 of 3

EXHIBIT "C-TRO"

Demand is made for all <u>signed and/or unsigned</u> copies of the following documents relating to the above referenced loan transaction:

1. Notices of Right to Cancel;
2. HUD-1 Disclosure;
3. Truth In Lending Act Disclosures;
4. The Entire Note;
5. Deed of Trust;
6. All riders to any of the above documents;
7. Any documents relating to any transfer, sale, or assignment of the note or loan, including but not limited to any pooling and servicing agreement ("PSA");
8. A full accounting of the loan transaction, including but not limited to a complete history of all credits, debits, charges, loan disbursements, loan charges, payments made, and current principal balance due;
9. The Entire Loan Application File; and
10. All correspondence.

Your prompt attention to this matter is requested.

Sincerely,

Deborah L. Raymond
Attorney for Aaron & Yolonda Walker

EXHIBIT "C-TRO"

WE HEREBY RESCIND/CANCEL THE LOAN TRANSACTION RELATING TO
SPECIALIZED LOAN SERVICING, LLC's ACCOUNT NUMBER 1002871432.  A signed
photocopy, PDF, or facsimile of this Rescission/Cancellation shall have the same force and/or
effect as a signed original.

Dated: 5/21/08

_____

Aaron Walker

Dated: 5/21/08

_____

Yolonda Walker

Page 3 of 3

EXHIBIT "C-TRO"

# Law Offices of Deborah L. Raymond
380 Stevens Avenue, Suite 205
Solana Beach, CA 92075
Tel: 858-481-9559
Fax: 858-724-0747

## LETTER OF DESIGNATION AND AUTHORIZATION

To Whom It May Concern:

Re: Aaron Walker and Yolonda Walker / 7869 Bloomfield Road, San Diego, CA 92114

    Please be advised that I have retained the Law Offices of Deborah L. Raymond to represent my interests. I hereby authorize the Law Offices of Deborah L. Raymond to represent my interests, including, but not limited to, communicating, negotiating, and otherwise dealing with my loans, previously or currently held by Secured Funding Corporation or Axis Mortgage & Investments, A Division of The Biltmore Bank of Arizona, and all parties associated with said loan, including without limitation, Chase Home Finance LLC, Lordsman Inc., Lordsman Inc. Escrow Division, Fidelity National Title, assigns, servicers, creditors, collectors, collection agencies, credit reporting agencies, attorneys, and all Federal, State, and local government agencies, as may be required in her representation of me. Except, this authorization does not authorize the Law Offices of Deborah L. Raymond to accept service of any summons and/or complaint on my behalf.

    Also, by signing below, I authorize any credit reporting agencies, credit reporting bureaus, collector, creditor, servicers, doctor, chiropractor, hospital, any other healthcare provider, employer, police agency, government agency, or any other person to whom a signed photocopy or facsimile of this authorization is delivered, to furnish any information, documents, reports or copies of records which may be requested by the Law Offices of Deborah L. Raymond.

Date: 12/14/07          Signed: _____

Date: 12/14/07          Signed: _____

EXHIBIT "C-TRO"



**CHASE**

**Chase Home Finance LLC**
194 Wood Avenue South
Iselin, New Jersey 08830-2710

July 21, 2008

Ms. Deborah L. Raymond, Attorney
445 Marine View Aveneu, Suite 305
Del Mar CA  92014

Re:  Loan #******0513
      Borrower:  Aaron Walker

Dear Ms. Raymond:

I am writing in response to your June 27, 2008 correspondence which was forwarded on your behalf by
Deutsche Bank, and received by me in the Executive Resolution Group of Chase Home Finance on
July 21, 2008, about your notice to rescind this mortgage.

This letter will confirm the telephone message that I left for you today.  In order to address the issues that
you raised, additional time is required while we review your client's loan file.  Every effort will be made
to provide you with a complete and accurate response in a timely manner.

If you have any questions, please call me at (732) 452-8329, Monday through Friday
from 8:00 a.m. to 4:30 p.m., Eastern Time.

Sincerely,

Rosemary Hesse
Mortgage Officer
Executive Resolution Group

cc:  Ms. Suzanne C. Patten, Deutsche Bank

EXHIBIT "D-TRO"

Not Reported in F.Supp.2d, 2008 WL 1378231 (C.D.Cal.)

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
C.D. California.
**Sarah AVILA and Tim Avila**, Plaintiffs,
v.
STEARNS LENDING, INC.; Indymac Bancorp, Inc.; and Does 1 through 200, inclusive, Defendants.
No. CV 08-0419-AG(CTx).
April 7, 2008.

Eric M. George, Michael A. Bowse, Dreier Stein Kahan Browne Woods George LLP, Beverly Hills, CA, for Plaintiffs.

Chad Weaver, Edgerton & Weaver, Hermosa Beach, CA, Naomi A. Carry, Dykema Gossett, Los Angeles, CA, for Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

ANDREW J. GUILFORD, District Judge.

**\*1** Before the Court is the application of Plaintiffs Sarah and Tim Avila ("Plaintiffs") for a preliminary injunction preventing the foreclosure sale of their home until this action is resolved ("Application"). After considering the moving, opposing, and reply papers, and oral argument by the parties, the Court GRANTS the Motion.

### BACKGROUND

Plaintiffs purchased their home in Oakdale, California in December 2004 with a thirty-year, fixed-rate mortgage. (Application 6:17-18.) In January 2006, Plaintiffs refinanced their home loan by buying an Option Adjustable Rate Mortgage ("Option ARM") from Defendant Stearns Lending, Inc.

According to the loan documents, Plaintiffs were to "initially pay interest at a yearly rate of 1.000%." (Application, Exhibit A.) The documents state that the "initial monthly payments" would be "in the amount of U.S. $1,426.47." ( *Id.*) The loan documents also provide that the initial rate "may change" on the first day of the second month of the loan. ( *Id.*) According to the formula for the change of the interest rate, it appears certain that the interest rate would change on the first day of the second month of the loan. ( *Id.*)

Plaintiffs allege that the loan they received was "dramatically different from the one they thought they were agreeing to." (Application 8:4-5.) They allege that the disclosures made with the loan were not clear, conspicuous, or easily understandable, as required by the Truth in Lending Act ("TILA"). ( *Id.* at 7:27-8:1.) Accordingly, Plaintiffs assert a right to rescind their loan.

Plaintiff's loan has been assigned to Defendant IndyMac Bank, F.S .B. (Application 7:23.) In January of this year, Plaintiffs received a Notice of Trustee's Sale, indicating that their house would be foreclosed upon on January 29, 2008. The Court issued a Temporary Restraining Order to stop the January foreclosure. The parties now argue whether a Preliminary Injunction should issue.

### ANALYSIS

EXHIBIT "E-TRO"

## 1. PRELIMINARY INJUNCTION

A preliminary injunction is a drastic and extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. *See Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997).* A plaintiff must meet this burden by "demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in his favor." *Dollar Rent A Car, Inc. v. Travelers Indem. Co., 774 F.2d 1371, 1374-75 (9th Cir.1985); Prudential Real Estate Affiliates, Inc. v. PRR Realty, Inc., 204 F.3d 867, 874 (9th Cir.2000).*

"These are not separate tests, but outer reaches of a single continuum." *Dollar Rent A Car, 774 F.2d at 1374-75* (quoting *Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers, 584 F.2d 308, 315 (9th Cir.1978)* (internal quotation marks omitted)). However, in any situation, the court must find that there is at least a fair chance of success on the merits, *see Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir.1995)*, and that there is some threat of an immediate irreparable injury. *See Big Country Foods, Inc. v. Board of Ed. Of the Anchorage Sch. Dist., 868 F.2d 1085, 1088 (9th Cir.1989).*

### 1.1 Likelihood of Success on the Merits

*\*2* Plaintiffs argue that their likelihood of success on the merits is great, because Defendants' disclosures failed to comply with "several key disclosure requirements" of TILA. (Application 8:12-13.) Plaintiff lists Defendants' violations as: (1) their failure to disclose the interest rate actually applicable to Plaintiffs' loan in a clear, easily understandable manner (19 C.F.R. § 226.17); (2) their failure to disclose that the payment cap associated with the Option ARM loan sold to Plaintiffs would certainly cause negative amortization to occur (12 C.F.R. § 226.19); and (3) their failure to disclose that the initial 1% interest rate was actually a discounted rate which was certain to increase immediately after the loan began (12 C.F.R. § 226.19). (Application 8:15-22.) Defendants do not respond to any of these arguments.

Defendants argue, instead, that Plaintiffs have failed to establish a likelihood of success on the merits because they have made "no showing that rescission will ever be possible." (Opposition 2:10-11.) Under 15 U.S.C. § 1635(b), upon rescission, a creditor must return to a borrower any money or property given it by the borrower, and the borrower must return any property, or its reasonable value, to the creditor. Defendants argue that Plaintiffs are not entitled to rescission unless they can show that they are able to tender the proceeds of the loan to the lender. Because Plaintiffs have not made a showing that they will be able to tender the loan proceeds in a rescission, Defendants reason, Plaintiffs have not shown a likelihood of success on the merits.

To support this argument, Defendants cite *Yamamoto v. Bank of New York, 329 F.3d 1167 (9th Cir.2003).* In that case, a district court granted a motion for summary judgment against a couple seeking rescission of the loan on their home. The court found that, upon rescission, the couple would be unable to tender the proceeds of the loan to the lender. On appeal, the Ninth Circuit found that it was within the district court's discretion to grant the motion for summary judgment. The Ninth Circuit recognized that "a trial judge ha[s] the discretion to condition rescission on tender by the borrower of the property he had received from the lender." *Id.* at 1171 (quoting *Ljepava v. M.S.S.C. Properties, Inc., 511 F.2d 935, 944 (9th Cir.1975)).* In deciding whether to condition rescission, a district judge should look to the "equities present in a particular case, as well as consideration of the legislative policy of full disclosure that underlies the Truth in Lending Act and the remedial-penal nature of the private enforcement provisions of the Act." *Palmer v. Wilson, 502 F.2d 860, 862 (9th Cir.1974).* For instance, where the TILA violations alleged are not serious, conditioning rescission may be appropriate. *See Yamamoto, 329 F.3d at 1171.*

*Yamamoto* does not support Defendants' argument that Plaintiffs cannot show a likelihood of success on the merits without demonstrating their ability to tender the proceeds of the loan. Instead, *Yamamoto* emphasizes a district court's "equitable discretion to modify rescission procedures." *Id.* at 1173. This discretion can be exercised in favor of lenders, by requiring borrowers to make a showing of their ability to pay a lump sum, or in favor of borrowers, by allowing them to fulfill their tender

EXHIBIT "E-TRO"

obligation by making payments over time. *In re Stuart*, 367 B.R. 541, 552 (Bankr.E.D.Pa.2007); see *Shepeard v. Quality Sliding & Window Factory, Inc.*, 730 F.Supp. 1295 (D.Del.1990) (allowing borrower to satisfy tender obligation by making monthly payments at the rate she had understood would be applicable); *Mayfield v. Vanguard Sav. & Loan Ass'n*, 710 F.Supp. 143, 149 (E.D.Pa.1989) (allowing borrower to satisfy tender obligation by making monthly payment equal to those she made before the loan transaction). Given the circumstances of this case, and the seriousness of the TILA violations alleged, this Court is not inclined to exercise its discretion in favor of Defendants at this time. The Court also finds that Defendants' argument might raise anti-deficiency issues. Thus, Plaintiffs do not need to demonstrate their ability to pay a lump sum upon rescission in order to demonstrate a likelihood of success on the merits. For the reasons stated in Plaintiff's Application, and unopposed in Defendants' Opposition, the Court finds that Plaintiffs have shown probable success on the merits.

## 1.2 Balance of Hardships

*3 Plaintiffs also argue that the balance of hardships tips sharply in their favor, because they and their three children risk losing their home. Plaintiffs cite many cases for the proposition that "[l]osing one's home through foreclosure is an irreparable injury." *See, e.g.*, *Wrobel v. S.L. Pope & Associates*, 2007 WL 2345036, at * 1 (S.D.Cal. June 15, 2007). Plaintiffs also point out that they will lose their right to rescission under 15 U.S.C. § 1635(f) if their home is foreclosed upon.

The Court agrees. "The imminent foreclosure of Plaintiff's residence presents a threat of irreparable harm." *Nichols v. Deutshe Bank Nat. Trust Co.*, 2007 WL 4181111, at *3 (S.D.Cal. Nov.21, 2007). Plaintiffs have shown the possibility of irreparable injury if the preliminary injunction does not issue.

## 1.3 Conclusion

Accordingly, the Application is GRANTED.

## 2. DEFENDANTS' REQUEST FOR THE POSTING OF A BOND AND MONTHLY PAYMENTS

Defendants request that, if the Court orders a preliminary injunction, it should also order payment of a bond and payment of at least some portion of the monthly mortgage installments. This request is DENIED. "The likelihood of success on the merits, as found by the district court, tips in favor of a minimal bond or no bond at all." *Van De Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1326 (9th Cir.1985). Defendants have failed to dispute Plaintiffs strong showing of their likelihood of success on the merits. Accordingly, and for the reasons stated in Plaintiff's Reply, the Court finds that no bond or monthly payments are warranted.

## *DISPOSITION*

Plaintiffs' Motion is GRANTED.

## IT IS SO ORDERED.

C.D.Cal.,2008.
Avila v. Stearns Lending, Inc.
Not Reported in F.Supp.2d, 2008 WL 1378231 (C.D.Cal.)

Motions, Pleadings and Filings (Back to top)

• 2:08cv00419 (Docket) (Jan. 23, 2008)
END OF DOCUMENT

(C) 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

EXHIBIT "E-TRO"

Slip Copy, 2007 WL 2345036 (S.D.Cal.)

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
S.D. California.
Andrew K. WROBEL, Plaintiff,
v.
S.L. POPE & ASSOCIATES; Hammond/Trossen Enterprises, L.L.L.P., et al., Defendants.
No. 07CV1591 IEG (BLM).
Aug. 15, 2007.

Deborah L. Raymond, Law Offices of Deborah L. Raymond, Solana Beach, CA, for Plaintiff.

### TEMPORARY RESTRAINING ORDER

IRMA E. GONZALEZ, Chief Judge.

*1 Presently before the Court is Andrew K. Wrobel's ("plaintiff") application for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b). Plaintiff served its application on defendants through their counsel, James Jay Stoffel. However, Mr. Stoffel represents only S.L. Pope & Associates and Sam L. Pope, and has filed an opposition to plaintiff's application on behalf of these defendants. At oral argument, Mr. R. Keith McKellogg appeared for the first time on behalf of the remaining defendants.

The Ninth Circuit has prescribed the following equitable criteria for determining whether to grant injunctive relief:

(1) the likelihood of the moving party's success on the merits; (2) the possibility of irreparable injury to the moving party if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by granting the preliminary relief. The moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits.... [T]he required degree of irreparable harm increases as the probability of success decreases.

Owner Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co., 367 F.3d 1108, 1111 (9th Cir.2004) (quoting Miller ex rel. N.L.R.B. v. Cal. Pac. Med. Ctr., 19 F.3d 449, 456 (9th Cir.1994)). The standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. Bronco Wine Co. v. U.S. Dep't of Treasury, 997 F.Supp. 1309, 1313 (E.D.Cal.1996); Franklin v. Scribner, Civil No. 07-0438 BTM (LSP), 2007 WL 1491100, at *3 (S.D.Cal. May 21, 2007). The temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 439, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974); accord L.A. Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200 (9th Cir.1980); Del Toro-Chacon v. Chertoff, 431 F.Supp.2d 1135, 1139-40 (W.D.Wash.2006).

On the basis of plaintiff's application and supporting documentation, plaintiff will suffer irreparable injury if the Court does not grant the temporary restraining order. Defendants are scheduled to foreclose on plaintiff's property, including his residence of more than twenty years, on Thursday,

EXHIBIT "F-TRO"

August 16, 2007. Losing one's home through foreclosure is an irreparable injury.[FN1] *See Cronkhite v. Kemp,* 741 F.Supp. 822, 825 (E.D.Wash.1989) (irreparable injury established where deed of trust contained no redemption period, and foreclosure would result in plaintiff losing home and all equity).

> FN1. The Court is aware of other cases where district courts denied injunctive relief, though the applicant alleged that foreclosure on the applicant's property was an irreparable injury. In one particular case, the Western District of Washington denied the temporary restraining order because the applicant could halt the foreclosure by paying the amount due on the loan. *Barrett v. Popular Inc.,* No. C07-0637RSL, 2007 WL 1753539, at *1 (W.D.Wash. June 18, 2007). If the applicant were to prevail on the merits, the applicant could recover the excessive amounts paid as monetary damages. *Id.* (citing *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.,* 944 F.2d 597, 603 (9th Cir.1991) (economic injury, by itself, is insufficient to find irreparable harm)). While the showing of irreparable injury is sufficient to warrant a ten-day temporary restraining order, the Court will order parties to brief further the issue of whether foreclosure would be an "irreparable injury" in this case before the Court enters a preliminary injunction.

**\*2** The remaining equitable factors likewise support the Court's entry of a temporary restraining order. The balance of hardships tips sharply in plaintiff's favor. For plaintiff to lose his house tomorrow would present a far greater hardship than postponing the foreclosure sale for a ten-day period to allow for an additional hearing and further briefing (especially since the defendants represented by Mr. McKellogg have not had an opportunity to oppose plaintiff's application in writing).

Because the balance of hardships so clearly points in plaintiff's direction, plaintiff is allowed to make a lesser showing on the merits. *See Johnson v. Cal. State Bd. of Accountancy,* 72 F.3d 1427, 1430 (9th Cir.1995) (where balance of hardships tips sharply in plaintiff's favor, plaintiff need only show "fair chance of success on the merits"). Here, plaintiff has shown at least a "fair chance of success." Plaintiff's signature of the Forbearance and Release Agreement did not waive plaintiff's right to rescind the loan because of violations of the Truth-in-Lending Act (TILA), for the waiver provisions in that agreement did not comply with all the requirements of Regulation Z. *See* 12 C.F.R. § 226.15 (e) (requiring dated written statement that describes the consumer's "bona fide personal financial emergency," specifically waives the right to rescind, and contains the consumer's signature).

Furthermore, plaintiff has a "fair chance of success" of establishing TILA violations because defendant creditors failed to provide plaintiff with certain "material disclosures" and required documents, including two notices of plaintiff's right to rescind the loan. *See* 15 U.S.C. §§ 1602(u) (defining material disclosures), 1639(a)(2) (listing further material disclosures); 12 C.F.R. § 226.32 (c) (same); *see also* 15 U.S.C. § 1635(a) (requiring creditors to give consumer two copies of the notice of the right to rescind); 12 C.F.R. § 226.23(b)(1) (same). The failure to make material disclosures and tender required documents entitles plaintiff to rescind within three years of the loan's consummation. 15 U.S.C. § 1635(f); 12 C.F.R. §§ 226.15(a)(3), 226.23(a)(3).

For the time being, the Court finds that plaintiff's allegations on the merits are sufficient to grant the temporary restraining order. Nonetheless, before entering any preliminary injunction, the Court will request further briefing on the issue of what showing plaintiff must make (if any) of his ability to tender back the loan proceeds, in the event plaintiff proves he is entitled to rescission. *See* 12 C.F.R. § 226.23(d)(3) (requiring, as part of rescission, the consumer to tender back any money or property the creditor previously delivered to the consumer); *Yamamoto v. Bank of New York,* 329 F.3d 1167, 1169, 1173 (9th Cir.2003); *LaGrone v. Johnson,* 534 F.2d 1360, 1362 (9th Cir.1976); *Palmer v. Wilson,* 502 F.2d 860, 862 (9th Cir.1974).

Public interest factors do not weigh in favor or against injunctive relief in this case.

**\*3** Pursuant to Federal Rule of Civil Procedure 65(c), the Court finds that plaintiff does not have to give any security at this time to postpone the foreclosure sale for the ten-day duration of this temporary restraining order. At this time, the Court finds sufficient equity in the property.

EXHIBIT "F-TRO"

The Court hereby **ORDERS:**

(1) All defendants and their agents, assigns, employees, officers, attorneys, and representatives are enjoined and restrained from engaging in or performing any act to deprive plaintiff of ownership or possession of the real property located at 2241 Calle Tiara, La Jolla, California 92037 ("Property"), including but not limited to instituting, prosecuting or maintaining foreclosure or sale proceedings on the Property, from recording any deeds or mortgages regarding the Property or from otherwise taking any steps whatsoever to deprive plaintiff of ownership in the Property, and in particular from proceeding with the sale of the Property scheduled for August 16, 2007.

(2) This temporary restraining order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this order by personal service or other acceptable means of service.

(3) With respect to all defendants except S.L. Pope & Associates and Sam L. Pope, plaintiff shall forthwith serve defendants with a copy of this Order, together with all other documentation filed with the Court in this action.

(4) This temporary restraining order is entered this 15th day of August at 3:00 p.m.

(5) A hearing on plaintiff's motion for preliminary injunction is set for **August 28th, 2007** at **10:00 a.m.** in Courtroom 1.

(6) By **Tuesday, August 21, 2007,** plaintiff shall submit a supplemental brief in support of a preliminary injunction, including but not limited to the following issues:

(a) Case law establishing whether foreclosure of plaintiff's property would amount to an "irreparable injury";

(b) Whether the release and waiver in the Forbearance and Release Agreement of December 21, 2006 bars plaintiff from exercising the right of rescission;

(c) The impact of the Ninth Circuit opinion in *Yamamoto v. Bank of New York* (and cases cited therein) on whether plaintiff can establish a "likelihood of success on the merits";

(d) The appropriate remedy and time period for allowing plaintiff to demonstrate his ability to tender the loan proceeds, pursuant to 12 C.F.R. § 226.23(d)(3); and

(e) the proper form and amount of any security plaintiff should give, pursuant to Rule 65(c).

This brief **SHALL NOT EXCEED** twenty-five (25) pages.

(7) By **Friday, August 24, 2007,** defendants shall submit supplemental brief(s) [FN2] in opposition to a preliminary injunction, including but not limited to the issues enumerated in ¶ 6 *supra.* Any supplemental brief **SHALL NOT EXCEED** twenty-five (25) pages.

FN2. Messrs. Stoffel and McKellogg may jointly submit one brief on behalf of all defendants, or two separate briefs on behalf of their respective clients.

**IT IS SO ORDERED.**

S.D.Cal.,2007.
Wrobel v. S.L. Pope & Associates
Slip Copy, 2007 WL 2345036 (S.D.Cal.)

EXHIBIT "F-TRO"

Motions, Pleadings and Filings (Back to top)

• 2008 WL 533479 (Trial Pleading) First Amended Counterclaim of S.I. Pope and Associates; Sammy
L. Pope; Hammond/trossen Enterprises, Lll.p, An Entity of Unknown Form; Helen M. Hammond, Co-
trustee of the Hammond Trust Dated 6/6/87; Dean Trossen, An Individual; Anstasia Stacy Trossen,
An Individual R. Kendal Jones, a Trustee of the Jones Family Trust Dated April 14, 1987; and Suzanne
Lambert, As Trustee of the Suzanne Lambert Pope Trust Dated 6/13/01 (Jan. 8, 2008) ▥ Original
Image of this Document (PDF)
• 2007 WL 4959705 (Trial Pleading) First Amended Complaint for Injunctive Relief,
Recoupment/Setoff, Damages, Accounting, and to Quiet Title Relating to Violations of the Truth In
Lending Act; the Home Ownership and Equity Protection Act; and the Rosenthal Act; and Jury
Demand (Dec. 3, 2007) ▥ Original Image of this Document with Appendix (PDF)
• 2007 WL 2959380 (Trial Pleading) Complaint for Injunctive Relief, Damages, Accounting, and to
Quiet Title Relating to Violations of the Truth in Lending Act; the Home Ownership and Equity
Protection Act; and the Rosenthal Act; and Jury Demand (Aug. 10, 2007)
• 3:07cv01591 (Docket) (Aug. 10, 2007)
END OF DOCUMENT

(C) 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

EXHIBIT "F-TRO"

Slip Copy, 2007 WL 4181111 (S.D.Cal.)

<u>Motions, Pleadings and Filings</u>

Only the Westlaw citation is currently available.

United States District Court,
S.D. California.
Cody NICHOLS, Plaintiff,
v.
DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Morgan Stanley Loan Trust 2006-HE4,
et al., Defendants.
Civil No. 07cv2039-L(NLS).
Nov. 21, 2007.

<u>Deborah L. Raymond</u>, Law Offices of Deborah L. Raymond, Solana Beach, CA, for Plaintiff.

<u>Gregory S. Korman</u>, Katten Muchin Rosenman, Los Angeles, CA, for Defendants.

**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

<u>M. JAMES LORENZ</u>, District Judge.

*1 Plaintiff Cody Nichols, owner of his principal residence located at 2010 Rancho Manzanita in Boulevard, California ("Property"), refinanced the mortgage on the Property. Subsequently, he filed a complaint pursuant to the Truth in Lending Act ("TILA"), <u>15 U.S.C. §§ 1601 et seq.</u> to enforce his right to rescind a consumer credit transaction, void Defendants' security interest in the Property and avoid foreclosure. Pursuant to <u>28 U.S.C. § 1331</u>, the court has subject matter jurisdiction over the case, because the action arises under TILA, a federal statute.

On October 16, 2007, Plaintiff sent Defendants a Notice of Rescission of Mortgage, requesting, among other things, that the foreclosure be postponed or cancelled. On November 19, 2007, Plaintiff filed an application for a temporary restraining order ("TRO") and preliminary injunction, seeking to enjoin the foreclosure sale, currently scheduled for November 26, 2007. Defendants were served with Plaintiff's moving papers on November 2 and 5, 2007, respectively, at least two weeks before Plaintiff filed them with the court, however, they have not responded. Because it is unopposed ( see Civ. L. Rule 7. 1(f)(3)(c)) and for the reasons which follow, Plaintiff's TRO application is **GRANTED.**

In February 2006, Plaintiff refinanced the Property by entering into a promissory note with Defendant Decision One Mortgage Company, LLC ("Decision One"), secured by a first deed of trust on the Property. The proceeds were used to pay off the existing mortgage held by a third party lender. Subsequently, Decision One sold the mortgage to Defendant Deutsche Bank National Trust.

Plaintiff was not provided with copies of the loan documents when he signed them. On February 24, 2006, a Friday, at approximately 8 p.m., lender's notary came to Plaintiff's home with the loan papers for Plaintiff to sign. Plaintiff was rushed by the lender's notary and did not have an opportunity to read the documents. Plaintiff was not left with a copy of the documents, but was told they would arrive by mail at a later date. However, the documents did not arrive. Plaintiff's mother, who also resides at the Property, subsequently called the lender and requested a copy of the documents. A package was sent on May 16, 2006, which contained certain unsigned documents, including a Notice of Right to Cancel, stating Plaintiff had until February 28, 2006 to cancel the loan. Plaintiff therefore believed the time to cancel had expired. When Plaintiff defaulted on the loan, a foreclosure date was set.

EXHIBIT "G-TRO"

Plaintiff argues that because Defendants did not make all the material disclosures required by TILA, his right to cancel the loan was extended to three years. On October 16, 2007, Plaintiff's counsel sent a Notice of Rescission of Mortgage to Defendants and requested that the foreclosure be postponed or cancelled. Defendants did not directly respond to the notice, but advanced the foreclosure date from November 2 to October 30, 2007. Due to the county-wide wildfire emergency the week of October 22, 2007, the sale was postponed until Monday, November 26, 2007. Plaintiff argues that his notice of rescission was timely, it voids Defendants' security interest in the Property, and is therefore sufficient to avoid foreclosure.

**\*2** Preliminary injunctive relief, including a TRO, "is not a preliminary adjudication on the merits, but a device for preserving the *status quo* and preventing the irreparable loss of rights before judgment." *Textile Unlimited, Inc. v. A.BMH and Co., Inc.*, 240 F.3d 781, 786 (9th Cir.2001). "The *status quo ante litem* refers not simply to any situation before the filing of a lawsuit, but instead to the last uncontested status which preceded the pending controversy." *GoTo.com, Inc. v. The Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir.2000). A party seeking preliminary injunctive relief, including a temporary restraining order, under Rule 65 must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in the moving party's favor. *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir.1999). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Roe v. Anderson*, 134 F.3d 1400, 1402 (9th Cir.1998).

"TILA and Reg Z contain detailed disclosure requirements for consumer loans. A lender's violation of TILA allows the borrower to rescind a consumer loan secured by the borrower's primary dwelling. Technical or minor violations of TILA or Reg Z, as well as major violations, impose liability on the creditor and entitle the borrower to rescind." *Semar v. Platte Valley Fed. Sav. & Loan Ass'n.*, 791 F.2d 699, 703-04 (9th Cir.1986) citing 15 U.S.C. § 1635(a). "TILA required that the documents state specifically the last date on which the [borrower] could rescind the loan agreement without penalty. TILA's 'buyer's remorse' provision allows borrowers three business days to rescind, without penalty, a consumer loan that uses their principal dwelling as security. TILA and its regulations, issued by the Federal Reserve System, 12 C.F.R. §§ 226.1-.29 ('Reg Z'), require the lender to provide a form stating the specific date on which the three-day rescission period expires. If the lending institution omits the expiration date and fails to cure the omission by subsequently providing the information, the borrower may rescind the loan within three years after it was consummated." *Id. at 701-02*, citing 15 U.S.C. § 1635(a) & (f); 12 C.F.R. § 226.23(b)(5). If the borrower timely exercises his or her right to rescind, "the security interest giving rise to the right of rescission becomes void ...." 12 C.F.R. § 226.23(d).

Because Plaintiff was not provided with notice of the last date on which he could rescind the transaction until after the period had expired, it appears Defendants did not provide him with material disclosures as required by 15 U.S.C. § 1635(a) and Reg Z. It is therefore very likely Plaintiff could prevail on the argument he was entitled to rescind the loan within three years of February 24, 2006. Because Plaintiff's rescission letter was sent within this time period, it is very likely that the lender's security interest in the Property is void. The lender cannot foreclose on the Property without a security interest. The court finds Plaintiff has shown a strong probability of success on the merits.

**\*3** The court next considers whether Plaintiff has also made the requisite showing of possibility of imminent irreparable harm. *See Sun Microsystems,* 188 F.3d at 1119. Plaintiff maintains that a loss of his home to foreclosure would constitute irreparable harm not only because his home is unique to him but also because his father, who is severely ill, resides at the Property and likely would be severely impacted if he had to leave. The court finds that the imminent foreclosure of Plaintiff's residence presents a threat of irreparable harm. *See Sundance Land Corp. v. Comty First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 661 (9th Cir.1988) (foreclosure of real property irreparable harm). [FN1] On balance, the court also finds that the harm likely to result to Plaintiff from foreclosure substantially outweighs any financial harm to Defendants if the restraining order is improperly granted.

EXHIBIT "G-TRO"

FN1. In addition, the court notes that Plaintiff's right to rescind expires upon the sale of the property. 12 C.F.R. § 226.23(a)(3). If the foreclosure is allowed to proceed, he will lose his right to rescind the loan transaction.

For the foregoing reasons, Plaintiff's application for a temporary restraining order is **GRANTED** pending a hearing on his motion for a preliminary injunction.

Accordingly, **IT IS HEREBY ORDERED** that Defendants Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Loan Trust 2006-HE4, and Decision One Mortgage Company, LLC and their servicers, agents, assigns, employees, officers, attorneys, and representatives are **HEREBY RESTRAINED AND ENJOINED** from engaging in or performing any act to deprive Plaintiff of ownership and/or possession of the real property located at 2010 Rancho Manzanita, Boulevard, California 91905 ("Property"), including but not limited to instituting, prosecuting, or maintaining foreclosure or sale proceedings on the Property, from recording any foreclosure instrument, deeds or mortgages regarding the Property or from otherwise taking any steps whatsoever to deprive Plaintiff of ownership and/or possession in the Property, and in particular from proceeding with the sale of the Property scheduled for November 26, 2007.

This Temporary Restraining Order is effective immediately. As security pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, the deed of trust shall remain on the Property as security for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall be binding on the parties to this action and all other persons or entities who receive actual notice of this order.

Defendants Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Loan Trust 2006-HE4, and Decision One Mortgage Company, LLC are **HEREBY ORDERED TO SHOW CAUSE** at 11:00 a.m. on **December 10, 2007** or as soon thereafter as counsel may be heard in United States District Court for the Southern District of California, Courtroom 14, located at 940 Front Street, San Diego, CA 92101, why you, your servicers, agents, assigns, employees, officers, attorneys, and representatives and those in active concert or participation with you or them, should not be restrained and enjoined pending trial of this action from engaging in or performing any act to deprive Plaintiff of ownership and/or possession of the Property, including but not limited to instituting, prosecuting, or maintaining foreclosure or sale proceedings on the Property, from recording any deeds or mortgages regarding the Property or from otherwise taking any steps whatsoever to deprive Plaintiff of ownership and/or possession in the Property, and in particular from proceeding with the sale of the Property.

*4 The briefing schedule for the order to show cause is as follows:

1. Plaintiff shall immediately serve Defendants by overnight mail with this order and all papers it has filed in support thereof. Proof of service shall be filed no later than November 26, 2007.

2. No later than November 28, 2007 at 4:30 p.m. Defendants shall file and serve by overnight mail a memorandum of points and authorities no longer than fifteen (15) pages and supporting evidence, if any, to show cause why a preliminary injunction should not issue.

3. No later than December 4, 2007 at 4:30 p.m., Plaintiff shall file and serve by overnight mail a responsive memorandum of points and authorities no longer than fifteen (15) pages and supporting evidence, if any.

**IT IS SO ORDERED.**

S.D.Cal.,2007.
Nichols v. Deutsche Bank Nat. Trust Co.
Slip Copy, 2007 WL 4181111 (S.D.Cal.)

EXHIBIT "G-TRO"

Motions, Pleadings and Filings (Back to top)

• 3:07cv02039 (Docket) (Oct. 19, 2007)
END OF DOCUMENT

(C) 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

EXHIBIT "G-TRO"