# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON WALKER, an individual; YOLONDA WALKER, an individual,<br><br>  Plaintiffs,<br><br>vs.<br><br>SPECIALIZED LOAN SERVICING, LLC, a Delaware limited liability company; DEUTSCHE BANK NATIONAL TRUST COMPANY, as TRUSTEE ON BEHALF OF THE HOLDERS OF THE TERWIN MORTGAGE TRUST 2006-9HGA, ASSET-BACKED CERTIFICATES, TMTS SERIES 2006-9HGA, an entity of unknown form; AXIS MORTGAGE & INVESTMENT, an entity of unknown form; AXIS MORTGAGE & INVESTMENTS, LLC, an Arizona limited liability company; BILTMORE BANK OF ARIZONA, a banking institution; CHASE HOME FINANCE LLC, a Delaware limited liability company; REGIONAL TRUSTEE SERVICES CORPORATION, a Washington corporation; and DOES 1-10, inclusive,<br><br>  Defendants. | CASE NO. 08-CV-1411 H (NLS)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND SETTING BRIEFING SCHEDULE REGARDING PRELIMINARY INJUNCTION** |

On August 4, 2008, plaintiffs Aaron Walker and Yolonda Walker ("Plaintiffs") filed

a complaint alleging violations of federal law, including the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and California law including the Rosenthal Act, Cal. Civ. Code §§ 1788 et seq. Plaintiff has filed an ex parte application for a temporary restraining order ("TRO") enjoining Defendants from proceeding with a foreclosure sale of Plaintiffs' property, located in San Diego, California. Plaintiffs assert that the sale is scheduled to occur on August 8, 2008. For the following reasons, the Court denies without prejudice Plaintiffs' ex parte motion for a TRO.

Pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure, a court may issue a TRO without notice to the adverse party "only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant[] certifies in writing any efforts made to give notice and the reasons why it should not be required."

A motion for a TRO also must meet the general requirements for preliminary injunctive relief. "[T]o obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised, and the balance of hardships tips in his favor." Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998). These alternative formulations for the issuance of a preliminary injunction "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id.; see Clear Channel Outdoor Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003).

After reviewing Plaintiffs' complaint and ex parte application for a TRO, the Court concludes that Plaintiffs' application fails to demonstrate that ex parte injunctive relief is warranted under the law. See Roe v. Anderson, 134 F.3d at 1402. The Court concludes that Plaintiffs fail to demonstrate that preliminary injunctive relief should be granted before the adverse parties can be heard in opposition. See Fed. R. Civ. P. 65(b)(1). Plaintiffs' complaint arises from a refinance transaction that occurred in July of 2006 for the purpose of paying off existing mortgages, a car loan, and to obtain cash for home improvements. (See Decl. of Yolonda Walker ISO App. for TRO ¶ 4.) Plaintiffs allege that, at the time of the transaction,

1  Defendants represented that Plaintiffs' monthly payment would be $2,810.86. Plaintiffs allege
2  that in May of 2007 they discovered that the true monthly payment was $3,183.66. Plaintiffs
3  filed this action more than one year after their discovery of this alleged false representation,
4  and more than three months after foreclosure proceedings were instituted against Plaintiffs'
5  property by the recording of a Notice of Default in the office of the County Recorder. (See
6  Mem. of Pts. & Auths. ISO App. for TRO at 2-3.)

7  After reviewing and carefully considering Plaintiffs' submissions, the Court denies
8  without prejudice Plaintiff's ex parte application for a TRO. Plaintiff shall serve upon all
9  named defendants a copy of Plaintiff's complaint and all other documents filed by Plaintiff in
10 this case. The Court sets the following briefing schedule regarding Plaintiff's request for a
11 preliminary injunction:

12  1.  Defendant shall file a response in opposition no later than August 15, 2008.
13  2.  Plaintiff may file a reply no later than August 22, 2008.

14 IT IS SO ORDERED.
15 DATED: August 4, 2008

*signature*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.